LITTLE
ROCK,
Jan'y 1839
~~~
HUGHES
*vs.*
MARTIN.

ISAAC HUGHES *against* BENNETT H. MARTIN.

ERROR *to Johnson Circuit Court.*

An affidavit that the defendant is justly indebted to the plaintiff in the sum of three hundred and seventy-six dollars, and that the plaintiff verily believes that said defendant is about to remove his effects out of the State, is sufficient to authorize the issuing of an attachment, without inserting that the defendant is indebted in a sum over fifty dollars.

The parties in civil proceedings are seldom, if ever, bound to adopt the precise language used in a Statute.

The service by a coroner of a writ directed to the sheriff is not ground for dismissing the suit—though it is matter which will excuse the defendant from answering.

A writ directed to an officer or person prohibited by law from executing it, may be abated: and perhaps it might be set aside on motion, if the fact appear on the face of the proceedings.

But a writ regularly and legally issued, and directed to the proper officer, cannot be avoided, or made void, by matter subsequent, or by having a return endorsed on it by an officer or person not authorized by law to serve it.

Such an endorsement is a mere nullity, and imposes no obligation on the defendant to appear, nor does it subject him to any legal consequences as for a default.

The rule in *Gilbreath* vs. *Kuykendall* renewed

This was an action commenced by the plaintiff above, by writ of attachment. The affidavit on which writ issued was that the defendant "is justly indebted to the plaintiff in the sum of three hundred and seventy-six dollars 50-100, and that he verily believes that the said *Martin* is about to remove his effects out of this State."

The writ was directed to the Sheriff, and returned served by the Coroner.

At the return term the court below dismissed the cause, on the defendant's motion, and gave judgment against the plaintiff—to reverse which he brings his writ of error.

TAYLOR, for the plaintiff in error.

CUMMINS & PIKE, *contra:*

The defendant in error contends that the decision of the court below was correct. By the general provisions of our law, all process is to be directed to the Sheriff. *Dig. p.* 316, 317. The coroner is authorized to serve writs and process, when the office of sheriff is vacant, or when the sheriff is a party to the suit, interested in the suit,

LITTLE
ROCK,
Jan'y 1839

LYON
vs
EVANS
& OTHERS.

related to either party, or prejudiced against either party. *Dig. p. 135.* And when both the sheriff and coroner are disqualified, the court is to direct the process to *Elisors.*

Process can only be served by the officer to whom it is directed, or his deputy. *Howe's Pr.* 93, 94: and authorities referred to below.

If the sheriff be disqualified, the process must be directed to the coroner. *Howe's Pr.* 94; *Colby* vs. *Dillingham et al.* 7 *Mass.* 475; *Weston* vs. *Coulson,* 1 *Black. R.* 596; *Wood* vs. *Ross,* 11 *Mass.* 271; *Brice* vs. *Woodbury et al.* 1 *Pick.* 362.

There being in this case no showing of any kind which under the law would authorize the issuing of the writ to the coroner, this court is now bound to presume that the sheriff was neither dead, out of office or disqualified. A service by the coroner in such case is no more than a service by any private person, and such mistake is fatal; for a coroner cannot serve a writ, if the sheriff or his deputy may. *Gage* vs. *Graffam,* 11 *Mass.* 181; *Merchants' Bank* vs. *Cook,* 4 *Pick.* 405.

This defect may be taken advantage of, either by plea in abatement, or motion to dismiss the action, if made before appearance entered. *Campbell* vs. *Stiles,* 9 *Mass.* 217; *Gage* vs. *Graffam,* 11 *Mass.* 181; *Poliard et al.* vs. *Dwight et al.* 4 *Cranch,* 421.

There was no error therefore in sustaining the motion to dismiss.

Rɪɴɢo, *Chief Justice,* delivered the opinion of the court:

The plaintiff filed in the office of the clerk of the Circuit Court of Johnson county, his declaration against the defendant in an action of debt, setting out a writing obligatory, for the sum of $365 50-100;— and therewith also filed his affidavit, stating that *Bennett H. Martin* in the above declaration mentioned, is justly indebted to him in the sum of *three hundred and seventy-six dollars, and fifty hundredths;* and that he verily believes the said *Bennett H. Martin* is about to remove his effects out of this State; which was subscribed and sworn to by the plaintiff, before the clerk of said Circuit Court, and thereupon sued out of the office of said clerk, a writ of attachment against the lands, tenements, goods, chattels, moneys, credits, and effects of the defendant, directed to the sheriff of Johnson county; but which appears to have been executed and returned by the *coroner,* instead of the sheriff of said county.

At the term to which the writ was returnable, the defendant without entering his his appearance to the action, moved the court to quash the proceedings had in the case for the following reasons:

LITTLE
ROCK,
Jan'y 1839

HUGHES
vs.
MARTIN.

1st. Because there is no affidavit, as required by law, to authorize the issuing of said writ of attachment.

2nd. The writ is directed to the sheriff, and served by the coroner of said county, without the warrant of law; and

3rd. There is no valid legal service of said writ of attachment.

The court sustained this motion, dismissed the case, and gave final judgment against the plaintiff for costs of suit. The plaintiff excepted to the order dismissing the suit, and filed his bill of exceptions, which is signed and sealed by the court, and thereupon the plaintiff prosecutes this writ of error to reverse said judgment.

The only question presented by the record and assignment of errors, is, did the court err in dismissing the suit, and giving final judgment against the plaintiff on the defendant's motion?

The affidavit verifies every fact required by the Statute to be stated therein, unless the omission to insert the words, "in a sum exceeding fifty dollars," as mentioned in the Statute, shall be deemed essential to its sufficiency.

The language of the Statute under which this proceeding is instituted is that "in all cases where any creditor or creditors shall file or cause to be filed, in the office of the clerk of the Circuit Court, of any county in this Territory, a declaration or other statement in writing, against his, her, or their debtor, containing a true statement of the nature of his, her, or their demand, together with an affidavit on his, her, or their oath, or affirmation, or on the oath, or affirmation, of any other creditable person, for him, her, or them stating that the defendant in the declaration mentioned is justly indebted to such plaintiff or plaintiffs *in a sum exceeding the sum of fifty dollars*, (which sum shall be specified in such affidavit,) and that the said affiant verily believes that such defendant is not a resident of, or residing within this Territory, or that the ordinary process of law cannot be served on him, or that he is about to remove his effects out of this Territory, it shall be lawful for such plaintiff or plaintiffs to sue or cause to be sued, out of the office of the said clerk, a writ of attachment," &c. *Ark. Dig.* *p.* 7 S. 1.

Proceedings by attachment in civil cases are authorized by statutory provisions, in derogation of the common law, and must in every essential part conform to, and pursue strictly the provisions of the Statutes, by which they are authorized. The affidavit, for instance, must state that the defendant is justly indebted to the plaintiff, and specify

the sum or amount of such indebtedness, and show that it exceeds the LITTLE ROCK, sum of fifty dollars: but where the defendant's indebtedness, and the Jan'y 1839 amount thereof, are stated, as in this case, showing that the amount HUGHES thereof is more than fifty dollars; without the precise language of the MARTIN *vs.* Statute we are not aware of any principle of law, of reason, or of justice, upon which it ought for that reason alone, to be held insufficient.

The parties in civil proceedings are seldom, if ever, bound to adopt the precise language of the Statute; therefore the affidavit in this case containing every essential requisite under the Statute, is, in our opinion, sufficient.

The objections to the service of the writ, admitting the execution thereof to be wholly illegal, and entirely insufficient, cannot be a ground for dismissing the suit.    It is a matter which excuses the defendant from answering the action; but we are at a loss to conceive how it can so operate as to make void or voidable, a writ which, independant of it, is good: a writ directed to an officer, or person prohibited by law from executing it, may be abated; and perhaps it might be set aside on motion, if the fact appears on the face of the proceedings: but a writ regularly and legally issued, and directed to the proper officer or person, authorized by law to excecute it, cannot, in our opinion, be avoided or made void, by matter subsequent, as by having a ruturn endorsed on it, by an officer or person not authorized by law to serve it.    Such an endorsement being a mere nullity, can have no effect in law, either upon the parties, or upon the suit, it imposes no obligation on the defendant to appear, nor does it subject him to any legal consequences, as for a default, and if he omits to appear, no valid judgment can be given against him; consequently it must in every view of the subject, be regarded as a mere nullity, and the case be considered as standing in the same situation as though no effort had been made to have the process executed.    And hence in ordinary cases, when the first writ is not executed, it forms the basis upon which an alias, and if that is not served, a pluries may issue, and nothing is more common in practice, than to take an alias and pluries, when the former writ is not executed, and we presume that no one ever thought of questioning, either the legality or propriety of the practice; and yet if a motion to dismiss the suit upon the ground that there is no service of the writ, or that the execution thereof is illegal, or insufficient, is authorized by law, it follows as a legitimate consequence, that no

alias, or pluries writ can legally issue.   We are therefore of the opinion that the court erred in dismissing the case, and giving a final judgment for the costs of the suit against the plaintiff, on the motion of the defendant, and for this error the judgment must be reversed.

The case being thus disposed of, the necessity of expressing any opinion as to the legality or sufficiency of the execution of the writ, as the same appears in the record, is dispensed with—that question being wholly immaterial, as to any matter now involved in the further disposition of the case, to be directed by this court; inasmuch as the defendant, by appearing here and filing his joinder to the assignment of errors, has made himself a party to the proceedings, and according to the rule established in the case of *Gilbreath* vs. *Kuykendall*, he is bound to appear, and the case upon the return thereof to the Circuit Court, must be considered as though the defendant was duly served with a valid process, requiring his appearance to the action more than thirty days before the first term of the court, to which the case is remanded.

Wherefore, the judgment of the Circuit Court of Johnson county, in this case given upon the defendant's motion, is hereby reversed, annulled, and set aside, with costs; and the cause is remanded to said court with directions to overrule the motion of the defendant to dismiss this suit, and for further proceedings, to be had therein according to law, and not inconsistent with this opinion.