[Civ. No. 9937.   Third Dist.   May 17, 1960.]

INEZ VARRA, Petitioner, v. THE SUPERIOR COURT OF HUMBOLDT COUNTY, Respondent; GARY J. BROWN, Real Party in Interest.

Falk & Falk for Petitioner.

No appearance for Respondent.

Belli, Ashe & Gerry for Real Party in Interest.

VAN DYKE, P. J.—This is a petition for a writ of mandate to compel the respondent court to reconsider and grant petitioner's motion to quash service of summons upon her because of failure to comply with the method prescribed by statute for service of process upon a nonresident defendant in an action arising out of an automobile accident.

Section 17454 (formerly § 404) of the Vehicle Code reads as follows:

"Service of process shall be made by leaving one copy of the summons and complaint in the hands of the director or in his office at Sacramento or by mailing either by certified or registered mail, addressee only, return receipt requested, the copy of the summons and complaint to the office of the director in Sacramento. Service shall be effective as of the day the return receipt is received from the director's office. A fee of two dollars ($2) for each nonresident to be served shall be paid to the director at the time of service of the copy of the summons and complaint and such service shall be sufficient service on the nonresident subject to compliance with Section 17455."

Section 17455 provides that:

"A notice of service and a copy of the summons and complaint shall be forthwith sent by registered mail by the plaintiff or his attorney to the defendant. Personal service of the notice and a copy of the summons and complaint upon the defendant whenever found outside this State shall be the equivalent of service by mail."

Strict compliance with the conditions of the above quoted sections is essential to the obtaining of jurisdiction of a nonresident defendant. (*Weisfeld* v. *Superior Court,* 110 Cal.App.2d 148, 151 [242 P.2d 29].) The lack of such compliance rendered the purported service herein wholly ineffectual for that purpose.

On or about October 28, 1959, petitioner received by certified mail a copy of the complaint and summons in the action

in which she is a named defendant, together with the following notice signed by plaintiff's attorney:

"To: INEZ VARRA, 2070 Marshall Street, Denver, Colorado:

"You are hereby notified that under Section 404 California Vehicle Code you are being served with a copy of the Complaint and Summons in Action 3652A filed in the Superior Court of the State of California in and for the County of Humboldt as a nonresident legal owner of that certain vehicle described in the attached complaint . . ."

It is clear from the language of the notice itself that it did not purport to give the required "Notice of service" upon the director. Such "notice of service" could not, in fact, have been then given as the director was not served until November 2, 1959. On similar facts the Supreme Court of Wisconsin held "that the plaintiff could not give notice of the serving or filing of the summons and complaint upon the secretary of state prior to the performance of that act. The statute clearly requires that the notice be given of an existing fact, to wit, the service of the summons and complaint upon the secretary of state, and it is not a substantial compliance with the statute to give notice of something which has not yet been done. Notice of filing in the office of the secretary of state could not properly be given until the notice had been filed." (*State* ex rel. *Stevens* v. *Grimm*, 192 Wis. 601 [213 N.W. 475, 476]; accord: *Bond* v. *Golden*, 273 F.2d 265, 268; *Bucholz* v. *Hutton*, 153 F.Supp. 62, 66-67.)

There is no merit in the contention that petitioner's motion to reconsider the denial of her motion to quash constituted a general appearance.

While it is true that "If the moving party does not confine himself to the objection of lack of jurisdiction of the person, and seeks *any other relief,* his application will be deemed a general appearance regardless of its designation" (1 Witkin, California Procedure, p. 342), nevertheless the rule stated has no application here. Petitioner sought in her first motion to have service of summons quashed for lack of jurisdiction of her person and in her second motion sought the same relief and nothing more.

Since an order denying a motion to quash service of summons is nonappealable (Code Civ. Proc., § 963; *Milstein* v. *Ogden*, 84 Cal.App.2d 229, 235 [190 P.2d 312]), relief by way of an extraordinary writ is proper.

Let the writ issue as prayed for.

Peek, J., and Schottky, J., concurred.