JENKINS v. HILL

5-3754                                     398 S. W. 2d 679

Opinion delivered February 7, 1966

*Wright, Lindsey & Jennings* and *William R. Overton,* for appellant.

*Henry & Boyett,* for appellee.

CARLETON HARRIS, Chief Justice. This is a case of first impression. On August 8, 1962, William G. Jenkins, appellant, while operating his automobile through Bald Knob, Arkansas, struck appellee, Ben F. Hill, a pedestrian, who was crossing the street. Jenkins was a citizen of Texas, residing in Weatherford. On August 25, 1964, Hill instituted suit against Jenkins in the Circuit Court

of White County for alleged personal injuries sustained in the accident. Summons was served on the Secretary of State as agent for service for appellant on August 28, 1964. On the day before, Hill's attorney had mailed a copy of the summons and complaint, by registered mail, with return receipt requested, to Jenkins at 412½ South Jefferson Street, Weatherford, Texas. The letter was returned by the post office to appellee's attorney. On October 1, 1964, Jenkins, having learned from other sources that the suit had been instituted against him, filed a special plea and answer. Appellee moved for default judgment, because of Jenkins' failure to file a timely answer; the court granted the motion, and entered judgment for appellee in the amount of $9,990.00. A motion to set aside the judgment was filed on behalf of appellant, but was denied. Hence, this appeal. For reversal, appellant asserts that the trial court erred in entering a default judgment for two reasons; first, that appellee failed to give appellant notice of service of summons on the Secretary of State as required by the statute, and second, that Jenkins was not subject to the jurisdiction of the trial court, because he did not receive actual notice of the pendency of the lawsuit. It is then asserted that the court erred in refusing to set aside the default judgment.

The parties entered into a stipulation of fact as follows:

"1.   On August 25, 1964, a complaint was filed in this Court by plaintiff, Ben F. Hill, against defendant, William G. Jenkins, a non-resident, for injuries arising out of an accident occurring in Bald Knob, White County, Arkansas, on August 8, 1962. A copy of that complaint is attached as Exhibit No. 1 and made a part hereof. Process was issued by the Circuit Clerk, directed to the Sheriff of Pulaski County, Arkansas, who served the Arkansas Secretary of State on August 28, 1964. A copy of that process with return is attached hereto as Exhibit No. 2 and made a part hereof.

"2. On August 27, 1964, plaintiff's attorney deposited in the United States Mail a Notice of Suit filed, a copy of the process and the complaint addressed to defendant at 412½ South Jefferson Street, Weatherford, Texas, registered mail with return receipt requested. 412½ South Jefferson Street, Weatherford, Texas, was the address of defendant, William G. Jenkins, as shown on the Arkansas State Police report filed August 10, 1962, by Trooper John M. Westmoreland. The registered letter addressed to defendant was returned by the U. S. Post Office to plaintiff's attorney. A copy of the letter with attachments is attached as Exhibit No. 3 and made a part hereof. A copy of the return receipt which was returned by the U. S. Post Office is attached as Exhibit No. 4 and made a part hereof.

"3. On August 28, 1964, a complaint and summons were served on the Arkansas Secretary of State who, on September 1, 1964, mailed them by registered mail to William G. Jenkins at 412½ South Jefferson, Weatherford, Texas. The envelope and contents were returned undelivered by the Post Office Department and received in the office of the Secretary of State on September 4, 1964, where they now are.

"4. A letter was sent by the office of Secretary of State, State of Arkansas, to plaintiff's attorney stating that notice had been sent by registered mail to defendant at 412½ South Jefferson, Weatherford, Texas, advising him of the pendency of the suit. A copy of that letter is attached hereto as Exhibit No. 5 and made a part hereof.

"5. On September 2, 1964, a copy of the complaint and a letter were mailed to defendant's liability insurance carrier in Fort Worth, Texas. A copy of that letter is attached as Exhibit No. 6 and made a part hereof. Defendant contends that this is not relevant, competent or material evidence and does not waive his objection to it.

"6. On October 1, 1964, defendant filed in the Circuit Court of White County, Arkansas, a special plea and answer, copy of which is attached as Exhibit No. 7 and made a part hereof.

"7. On January 4, 1965, plaintiff filed a motion for default judgment, copy of which is attached as Exhibit No. 8 and made a part hereof.

"8. On January 14, 1965, defendant filed a response to plaintiff's motion for default judgment, copy of that response and exhibits being attached hereto as Exhibit No. 9 and made a part hereof.

"9. On January 26, 1965, plaintiff's attorney filed an affidavit with the Circuit Clerk of White County, Arkansas. A copy of that affidavit with attached exhibits 'A, B, C and D' is attached hereto as Exhibit No. 10 and made a part hereof.'"[1]

---

[1]Exhibit A to the motion to set aside default judgment consisted of certain admissions of Hill, taken from his deposition of January 9. Exhibit B was the Arkansas State Police report of the accident. Exhibit C was the affidavit of Jenkins, which set out a meritorious defense. Jenkins asserted that he was traveling north in a line of traffic when appellee ran between the appellant's car and the car immediately in front of appellant. Jenkins alleged that he was traveling within the speed limit, immediately applied his brakes, and turned his wheels to the right to avoid striking Hill, and that he did all he could to avoid the accident. As to notice of the pending suit, he stated that he now lives on the Benton Highway, near Little Rock, having lived there since October 23, 1964. Further: "My address just prior to this was 1310 Hanover Street, Weatherford, Texas. I lived there from November 1963, to October, 1964. My address prior to this was 114 Throckmorton Street, Weatherford, Texas, and I lived there from August, 1962, to November, 1963. My address just prior to this was 412½ South Jefferson Street, Weatherford, Texas. I lived there from June 1962 to July 1962. During the months of August or September, 1964, while living at 1310 Hanover Street, Weatherford, Texas, I did not receive any complaint, summons or notification of a lawsuit pending against me and as of November 25, 1964, I still have not received any such lawsuit papers. I did receive a letter from an attorney * * * in April, 1963, while living at 114 Throckmorton, Weatherford, Texas, which I turned over to my insurance company. This

At issue is an interpretation of certain provisions of Ark. Stat. Ann. § 27-342.2 (Repl. 1962). Other provisions of this statute have been previously passed upon, but the particular point at issue has not heretofore been raised in this court. Pertinent to this determination are the following provisions of that section, as follows:

"Service of such process shall be made by serving a copy of the process on the said Secretary of State and such service shall be sufficient service upon the said nonresident owner, or nonresident operator, or chauffeur, or upon the resident owner, resident operator, or chauffeur who has subsequently absented himself physically from the State, or upon the executor, administrator or other legal representative of his estate in case he has not survived such accident or collision or has since died, provided that notice of such service and a copy of the process are forthwith sent by registered mail by the plaintiff or his attorney to the defendant at his last known address* * *"

Based on the facts set forth in the stipulation, we agree with appellant that the trial court erred in entering its default judgment, and further erred in refusing to set this judgment aside. It will be noted that appellee's attorney, on August 27, 1964, mailed a notice of the filing of the suit, a copy of the process, and a copy of the complaint, to appellant. It was not until the next day, August 28, that the summons was served on the Arkansas Secretary of State. This procedure, of course, did not comply with the actual provisions of the statute, for, under its clear terms, the statute provides that plaintiff, or his attorney, must mail to a defendant notice of the *service of summons* on the Secretary of State. Appellee argues that there was substantial compliance with the statute, and that appellant's insurance carrier had also been advised of the pendency of the action.

---

is the only correspondence that I have received from any one relating to the accident that happened on August 8, 1962, in the vicinity of Bald Knob, Arkansas."

, First, let it be said that we have held that this statute must be strictly construed. *Kerr, Administrator* v. *Greenstein,* 213 Ark. 447, 212 S. W. 2d 1.[2]

Next, it appears that all of the states that have passed upon similar (and in some cases, almost identical) acts have flatly held that notice must be sent by a plaintiff or his attorney *after* actual service of process on the statutory agent, and the mailing of notice before the actual service does not meet the requirements of the statute.

One of the leading cases on this point is *State ex rel. Stevens* v. *Grimm, Circuit Judge* (Wis.), 213 N. W. 475. There, the Wisconsin plaintiff attempted to obtain service on a Minnesota defendant under the Wisconsin non-resident motorist statute. The pertinent part of that statute is almost identical with our own. It provides that service of process shall be made by serving a copy upon the Secretary of State ''and such service shall be sufficient service upon the said non-resident; provided, that notice of such service and a copy of the process are within 10 days thereafter sent by mail by the plaintiff to the defendant* * *.'' Appellee points out that the Wisconsin statute uses the word ''thereafter,'' while our statute provides that after serving the Secretary of State, notice of the service and a copy of the process shall ''forthwith'' be sent to the defendant. We do not agree that this word creates a substantial difference in the meaning of the Wisconsin statute and the Arkansas statute. Webster's Third New International Dictionary (unabridged) defines the word, ''forthwith,'' as, ''(1) with dispatch: without delay: within a reasonable time: immediately. (2) immediately after some precedent event: thereupon.'' It is accordingly apparent that the word, ''forthwith,'' in our statute means that the notice of the service and a copy of the process must be sent to the non-resident defendant at least within a reason-

---

[2] The original act was passed in 1933, and has been amended several times, generally for the purpose of enlarging the scope of the act.

able time after service on the Secretary of State. In *Grimm*, the plaintiff notified the defendant by mail of the filing of the suit on October 2. The summons and complaint were received by the Secretary of State on October 4. The plaintiff contended, as here, that his action in writing to the defendant, and sending a copy of the summons and complaint on October 2, was sufficient compliance with the statute. The Wisconsin Supreme Court held otherwise, stating:

"Waiving the question of the sufficiency of the affidavit of mailing, it is quite apparent that the plaintiff could not give notice of the service or filing of the summons and complaint upon the secretary of state prior to the performance of that act. The statute clearly requires that notice be given of an existing fact, to wit, the service of the summons and complaint upon the secretary of state, and it is not a substantial compliance with the statute to give notice of something which has not yet been done. Notice of filing in the office of the secretary of state could not properly be given until the notice had been filed."

In *Varra* v. *Superior Court*, 4 Cal. Rptr. 920, the District Court of Appeal (Third District) for California passed on the same question. After naming the proper official to be served, the statute provided:

"A notice of service and a copy of the summons and complaint shall be forthwith sent by registered mail by the plaintiff or his attorney to the defendant."[3]

The defendant received a notice, together with complaint and copy of summons, on October 28, 1959, though the proper state official was not served until November 2. The court said:

"Strict compliance with the conditions of the above quoted sections is essential to the obtaining of jurisdic-

---

[3]It will be noted that this statute, like the Arkansas statute, uses the word, "forthwith."

tion of a non resident defendant* * *. It is clear from the language of the notice itself that it did not purport to give the required 'Notice of service' upon the director. Such 'notice of service' could not, in fact, have been then given as the director was not served until November 2, 1959.''

The court then cited *State ex rel. Stevens* v. *Grimm, supra.*

In *Bucholz* v. *Hutton,* 153 F. Supp. 62 (Mont.), the the Federal District Court (Havre Div.) was presented with a similar situation. The plaintiff sent a notice to the non-resident defendant on November 20, 1956, together with a copy of the complaint. On the next day, November 21, the Secretary of State was served. The sufficiency of the service was questioned, *inter alia,* on the basis that the notice of service of summons on the Secretary of State was mailed the day before service was actually made; and accordingly, was insufficient. The court, in upholding this contention, said:

''The service of process in the instant case accordingly was insufficient for failure to comply with the provisions of Sec. 53-204, R.C.M. 1947, in that (1) notice of service was mailed by plaintiff's attorney before service was actually made upon the Secretary of State* * *''

Likewise, the same view was expressed by the District Court of Appeal of Florida (Third District). *Conway* v. *Spence,* 119 So. 2d 426. There too, the summons was not served upon the Secretary of State until the day after plaintiff's counsel had forwarded notice, copy of complaint, and copy of summons which had been issued, to the non-resident defendant. In holding that there had been no compliance with the statutory requirement for ''notice of such service'' of process on the Secretary of State, the court said:

''We must reject the appellee's contention that mailing a copy of the complaint and of the summons to

the non-resident defendants amounted to giving them 'notice of such service.' The notice which the statute requires, is one which will impart to the non-resident defendant the information that service of such process has been made on the Florida Secretary of State. In the absence of the required notice to them, the defendants were left with no certainty as to when they should answer to avoid a default, or, for that matter, as to whether any service of that summons was made or would be made on the Secretary of State. Therefore, we must uphold appellants' contention that the forwarding to them, as non-residents, of copies of the summons before it was served on the Secretary of State, with no notice as to the fact of service, was not a substantial compliance with the statutory requirement for 'notice of such service' of process on the Secretary of State. [Citing cases.]''

Several other states have reached the same conclusion, and, as stated, we know of no case to the contrary. In accordance with the reasoning and citations herein set out, we hold that the pertinent provisions of the statute, here in question, must be fully complied with. It follows that the default judgment must be set aside. In view of this holding, it becomes unnecessary to consider appellant's contention that a non-resident defendant must receive actual notice, since appellant has already filed an answer in this case. It might be added that we find no merit in appellee's contention that appellant's insurance carrier was notified (by appellee's counsel) before the time for filing answer had expired, and that this notice cured any defect of attempted service on Jenkins. The insurance company was not a party to the law suit, and the statute setting out the manner in which service can be obtained upon a non-resident defendant, makes no mention of the insurance carrier.

Reversed and remanded.