J. H. MERRIOTT *v.* EARL WHITSELL

5-5727                                   476 S.W. 2d 230

Opinion delivered February 21, 1972

1032

*Hobbs & Longinotti,* for appellant.

No brief for appellee.

JOHN A. FOGLEMAN, Justice. The circuit court dismissed appellant's action against appellee, who was alleged to be a nonresident motorist involved in a collision in Arkansas with a motor vehicle owned by appellant. The order of dismissal for want of prosecution was based upon the circuit judge's holding that appellant had failed to obtain service of process upon appellee. We find that this action constituted reversible error.

The allegations of the complaint, which was filed May 18, 1970, bring the action within the scope of Ark. Stat. Ann. § 27-2502Cl(c) (Supp. 1971). While the summons issued does not appear in the record, we find the affidavit of one of appellant's attorneys reciting that, on or about the second day of July, 1970, he mailed a copy of the summons and complaint to appellee at 682 Westphal Avenue, Columbus, Ohio, by registered mail, but that appellee refused to accept the missive when delivered, and that it was returned to the affiant. An envelope, addressed to appellee at the address given in the affidavit and bearing the return address of appellant's attorneys, postmarked July 2, 1970, was incorporated into the affidavit. It bore notations indicating that it was transmitted as registered airmail for delivery to the addressee only, with return receipt requested, and returned to the sender for the reason that it was refused.

Appellant relies upon our version of the Uniform Interstate and International Procedure Act, Act 101 of 1963 [Ark. Stat. Ann. §§ 27-2501—27-2507 (Supp. 1971)], to sustain the service in this case. He now contends that the service is in full compliance with § 27-2503, which in pertinent part provides:

A.   Manner and proof of service.

1.   When the law of this State authorizes service outside this State, the service, when reasonably calculated to give actual notice, may be made:

*   *   *

(c)  by any form of mail addressed to the person to be served and requiring a signed receipt;

*   *   *

2.   Proof of service outside this State may be made by affidavit of the individual who made the service or in the manner prescribed by the law of this State, the order pursuant to which the service is made or the law of the place in which the service is made for proof of service in an action in any of its courts of general jurisdiction. When service is made by mail, proof of service shall include a receipt signed by the addressee or other evidence of personal delivery to the addressee satisfactory to the court.

We agree with appellant that one, who is subject to the jurisdiction of the courts of this state under the act, cannot defeat the jurisdiction by the simple expedient of refusing to accept a registered letter. The avoidance of authorized service of proper process by a wilful act or refusal to act on the part of the defendant would create an intolerable situation and should not be permitted. *Creadick* v. *Keller,* 35 Del. 169, 160 A. 909 (1932); *Cherry* v. *Heffernan,* 132 Fla. 386, 182 So. 427 (1938). See also, *Lendsay* v. *Cotton,* 123 So. 2d 745, 95 A. L. R. 2d 1029 (Fla. App. 1960); *Paxson* v. *Crowson,* 47 Del. 114, 87 A. 2d 881 (1952). Even so, there is a defect in

the service of process that appellant cannot overcome. In order to be valid, service must be made by one duly authorized. *Hughes* v. *Martin,* 1 Ark. 386. The United States District Court for the Eastern District of Arkansas has held that the attorney for the plaintiff is not a proper person to serve process under the act. *Davis* v. *Triumph Corp.,* 258 F. Supp. 418 (1966). We agree. The section of the statute involved contains the following provision:

> B. Individuals eligible to make service. Service outside this State may be made by any individual permitted to make service of process under the law of this State or the law of the place in which the service is made or who is designated by a court of this State.

Generally, a summons is directed to the sheriff of the proper county. Ark. Stat. Ann. §§ 27-306, 312 (Repl. 1962). It is to be delivered to the sheriff or other officer authorized to execute it. Ark. Stat. Ann. § 27-319 (Repl. 1962). It is to be served in Arkansas in a tort action by the officer to whom directed, upon proper showing, by a jailer, coroner or constable or by a person appointed by the officer to whom directed by endorsement on the summons, or by the court. Ark. Stat. Ann. §§ 27-322— 324, 327 (Repl. 1962). The attorney for the plaintiff is not a person authorized by statute in this case, and there is nothing in the record to indicate that he was appointed to serve the summons. Therefore, the service is void. See *Rutherford* v. *Moody,* 59 Ark. 328, 27 S. W. 230; *Hughes* v. *Martin,* supra.

A personal judgment may be based upon service by the attorney for the plaintiff by registered mail when the defendant was a domiciliary of the state at the time the cause of action arose or at the time of the service of process. Ark. Stat. Ann. § 27-339 (Repl. 1962). See *Harrison* v. *Matthews,* 235 Ark. 915, 362 S. W. 2d 704. But this is not such a case. This case is also unlike those in which the attorney for the plaintiff notifies the nonresident defendant of the *service* of process upon the Secretary of State as statutory agent of the defendant for service. See, *e. g.,* Ark. Stat. Ann. §§ 27-340, 27-342.1,

342.2 (Repl. 1962); *Jenkins* v. *Hill,* 240 Ark. 197, 398 S. W. 2d 679. The invalidity of the service, however, standing alone, does not render the summons itself void. *Hughes* v. *Martin,* supra; *Davis* v. *Triumph Corp.,* supra.

The order of dismissal is based upon the court's holding that the service was invalid, and it recites only that plaintiff has failed to obtain service of summons or process. Since the dismissal upon this ground would prevent the service of a properly issued summons by a duly authorized person, we set it aside as erroneous and remand the case for further proceedings consistent with this opinion.

BROWN AND Byrd, JJ., dissent.

CONLEY BYRD, Justice. I would affirm this case. The record shows only the following information: (1) The complaint, alleging that the automobile collision occurred in Hot Spring County; (2) an affidavit by appellant's counsel that he served a copy of the complaint and a copy of the summons upon Earl Whitsell by registered mail which was refused; and (3) the order of dismissal without prejudice by the trial court because, ". . . the plaintiff has failed to obtain service of summons or process on the defendant in the manner required by law. . ."

It is true that Ark. Stat. Ann. § 27-2503A(1)(c) (Supp. 1971), provides for service outside this State "by any form of mail addressed to the person to be served and requiring a signed receipt." However, as pointed out by the majority opinion, plaintiff or plaintiff's counsel is not such person to effect service of process in this manner. Thus it follows that there was no service of process had in this case even if we should agree with the appellant that the defendant cannot avoid service of process by refusing to accept a registered letter.

As I read the majority opinion, this court is reversing the trial court because, "we are unable to say that a proper summons was issued or placed in the hands of the proper officer on the record before us." With

this I disagree. To reach that decision we have to assume that there was some other or different process placed in the hands of the sheriff of Garland County where the action was filed or at Hot Spring County where the collision occurred. As pointed out in *Clark* v. *Thompson*, 47 Ill. 25 (1868), and *Lonkey* v. *Keyes Silver Mining Co.*, 21 Nev. 312, 31 P. 57 (1892), we should not make this assumption because to do so imports a lack of verity in the record—in other words, no presumption should be indulged that there was some other or different service made in addition to that which appears in the record.

Therefore, I respectfully dissent.

BROWN, J., joins.