**BOMANN GOLF, INC., Plaintiff-Appellee,**

v.

**COSMOS INDUSTRIES, INC., et al., Defendants-Appellants.**

**No. 71–1864.**

United States Court of Appeals, Fifth Circuit.

May 12, 1972.

Rehearing Denied June 9, 1972.

Richard L. Horn, Allan Milledge, Milledge & Horn, Miami, Fla., for defendants-appellants.

Paul F. Gerson, Miami Beach, Fla., Arent, Fox, Kintner, Plotkin & Kahn, John M. Bray, Burton A. Schwalb, Washington, D. C., for plaintiff-appellee.

Before PHILLIPS,* THORNBERRY and RONEY, Circuit Judges.

THORNBERRY, Circuit Judge:

Defendants appeal from a preliminary injunction entered by the district court pursuant to the Florida Deceptive Trade Practices Act, Fla.Stat. § 817.71, F.S.A. The facts, as found by the district court and supported by substantial evidence, are set out below.

* Of the Tenth Circuit, sitting by designation.

Plaintiff, a Florida corporation, is a manufacturer and seller of golf equipment. In 1968, plaintiff began advertising its specialized Bomann Bomber golf club in several golf magazines and thereafter sold Bombers to more than 600 golf pros and country clubs. Pursuant to a mail order campaign already begun, in December, 1969, plaintiff contacted defendant Dynaflyte Corporation, a mail order house primarily engaged in selling golf equipment, through its chief executive officer, defendant Silver, in order to gain access to a larger mailing list. Through this contact, Dynaflyte and plaintiff embarked on what the district court found to be a joint venture based in Florida to sell Bombers by mail order, using Bomann advertising materials on Dynaflyte stationery.

In June, 1970, Dynaflyte, after a period of cooperative efforts with Bomann, mailed circulars advertising a "mystery" Bomber based on material identical to that in the Bomann advertisements. From this mailing, Dynaflyte received some 6,000 orders which it sought to fill through another manufacturer. Dynaflyte soon began receiving complaints that these new Bombers were of inferior quality and was eventually forced to send an apology letter to its customers explaining that the "mystery" manufacturer was at fault. Many of these "mystery" circulars and letters went to the same persons who had previously received the Bomann material.

The district court, after a five-day evidentiary hearing, enjoined Dynaflyte from further use of Bomann's advertising materials and prohibited its filling further orders for "Bombers" with any golf club other than the original Bomann Bomber on grounds that defendants' practices were harming plaintiff's reputation.

Defendants first urge that the service of process was defective under Florida law. Suit was filed on February 5, 1971. On February 6, 1971, plaintiff mailed a copy of the complaint and a court summons to the Florida Secretary of State. On the same day, plaintiff sent a copy of these documents to each defendant along with a Notice of Service advising defendants that process had been served on the Secretary of State that same day by mail.

■ Defendants first argue that under the Florida statute plaintiff was required to personally serve, rather than mail, the process papers to the Secretary of State. See Fla.Stat. § 48.161, F.S.A.[1] It is not necessary to rule on this point inasmuch as defendants failed to allege this defect before the trial court prior to appeal. We, therefore, have no choice but to deem the alleged defect waived. See Marston v. American Employers Insurance Company, 1st Cir. 1971, 439 F. 2d 1035; Guardian Title Company v. Sulmeyer, 9th Cir. 1969, 417 F.2d 1290.

■ Secondly, defendants allege that notice of *actual* service on the Secretary of State was required. The old Florida nonresident service statute provided that service on the Secretary of State would be sufficient *"provided,* that notice of *such* service and a copy of the

---

1. *See also* Miami National Bank v. Realty Equities Corp., 35 Fla.Supp. 178 (Cir. Ct. Dade County, June 9, 1971). This defect in the statute has been cured as of January 1, 1972 by an amendment to Section 48.161, which provides:
Section 1. Subsection (1) of Section 48.161, Florida Statutes, is amended to read:
48.161 Method of substituted service on non-resident
(1) When authorized by law, substituted service of process on a non-resident or a person who conceals his whereabouts by serving a public officer designated by law shall be made by leaving a copy of the process with a fee of $2.00 with the public officer or in his office *or by mailing the copies by certified mail to the public officer with the fee.*
\* \* \* \* \*
Section 2. This act shall take effect on January 1, 1972.
6 Fla.Stat.Ann.Sess. Laws, 1971 Reg. Sess. 1075 (Emphasis added).

process are forthwith sent" to the defendant. Fla.Stat. § 47.30. In Conway v. Spence, 119 So.2d 426 (Fla.App.1960), involving facts similar to the instant case, the Florida court held that mailing the papers to defendants before *actual* service on the Secretary of State was insufficient. *See also* Green Manor Construction Company v. Punta Gorda Ready Mix Concrete, 159 So.2d 255 (Fla.App.1964). This statute, however, was repealed in 1967 by Fla.Stat. § 48.161, F.S.A., which provides simply that service may be made on the Secretary of State. The statute then provides, "Notice of service . . . shall be sent forthwith" to defendant.[2]

The district court held that the omission of the words "provided" and "such" from the original statute had the effect of overruling *Conway* and making plaintiff's service sufficient in the instant case. This was based on the district court's reasoning that personal service under § 48.161 is no longer a technical requirement for sufficiency of service; rather it is a procedural due process requirement, which was fulfilled in the instant case by actual notice to defendants. There are no Florida cases as yet construing Section 48.161 in this regard. In light of the great weight to be given the determination of local law by the district court in diversity cases and our own belief in the reasoning of the district court's opinion, we find no error in this construction. *See* Vaughn v. Chrysler Corporation, 10th Cir. 1971, 442 F.2d 619; Delduca v. United States Fidelity & Guaranty Company, 5th Cir. 1966, 357

---

2. Fla.Stat. § 47.30 provided as follows: Method of service upon nonresident.— Service of such process shall be made by the plaintiff or his attorney by either leaving a copy of the process with a fee of two dollars ($2.00) in the hands of the secretary of state, or in his office, or by mailing a copy of such process with a fee of two dollars ($2.00) to the secretary of state; and such service shall be sufficient service upon a defendant who has appointed the secretary of state as his agent for the service of such process; provided, that notice of such service and a copy of the process are forthwith sent by registered mail by the plaintiff, or his attorney, to the defendant, and the defendant's return receipt and the affidavit of the plaintiff, or his attorney, of compliance herewith are filed with the papers in the case on or before the return day of the process or within such further time as the court may allow, or that such notice and copy are served upon the defendant, if found within the state, by an officer duly qualified to serve legal process, or, if found without the state, by a sheriff or deputy sheriff of any county of this state or by any duly constituted public officer qualified to serve like process in the state or jurisdiction where the defendant is found; and the officer's return showing such service to have been made is filed in the case on or before the return day of the process or within such further time as the court may allow. Proof of service of process on the secretary of state shall be by a copy of notice of said secretary accepting such process.

The new statute provides:

When authorized by law, substituted service of process on a nonresident or a person who conceals his whereabouts by serving a public officer designated by law shall be made by leaving a copy of the process with a fee of $2.00 with the public officer or in his ofice. The service is sufficient service on a defendant who has appointed the public officer as his agent for the service of process. Notice of service and a copy of the process shall be sent forthwith by registered or certified mail by the plaintiff or his attorney to the defendant, and the defendant's return receipt and the affidavit of the plaintiff or his attorney of compliance herewith, filed on or before the return day of the process or within such time as the court allows, or the notice and copy shall be served on the defendant, if found within the state, by an officer authorized to serve legal process, or, if found without the state, by a sheriff or deputy sheriff of any county of this state or by any duly constituted public officer qualified to serve like process in the state or jurisdiction where the defendant is found. The officer's returns showing service to have been made shall be filed on or before the return day of the process or within such time as the court may allow. The fee paid by the plaintiff to the public officer shall be taxed as his costs if he prevails in the action. The public officer shall keep a record of all process served on him which shall show the day and hour of service.

F.2d 204; Hogue v. Pellerin Laundry Machinery Sales Company, 8th Cir. 1965, 353 F.2d 772.

Defendants further argue that the district court erred in finding that they had the minimal contacts in Florida necessary for the district court's maintaining jurisdiction over their persons and that the district court had no discretion to enter an injunction under the facts as presented. Both allegations clearly are without merit. *See* Local Rule 21.

Affirmed.