JAMES LYDICK, APPELLANT, V. RYLE LEE SMITH, APPELLEE. JEAN S. LYDICK, APPELLANT, V. RYLE LEE SMITH, APPELLEE.

266 N. W. 2d 208

Filed May 24, 1978. Nos. 41472, 41473.

Richard L. Swenson and Terry M. Anderson of Lathrop & Albracht, for appellants.

Ray C. Simmons, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH,

McCown, Clinton, Brodkey, and White, JJ.

Brodkey, J.

The issue presented in these motor vehicle negligence actions is whether plaintiffs James and Jean Lydick effectively served process upon defendant Ryle Smith, a resident of Iowa. Plaintiffs attempted to serve process upon the defendant pursuant to section 25-530, R. R. S. 1943, which provides for service upon the Secretary of State of Nebraska and notice of such service to the defendant by mail. The defendant entered special appearances, objecting to the jurisdiction of the District Court over his person on the ground that plaintiffs' attempted service of process pursuant to section 25-530, R. R. S. 1943, was ineffective for several reasons.

Subsequent to the filing of the special appearances, plaintiffs contended that their attempted service was valid under section 25-540, R. R. S. 1943, the "long-arm" statute, as well as valid under section 25-530, R. R. S. 1943. The trial court sustained defendant's objection to jurisdiction over his person, finding that the plaintiffs had not effectively served process upon the defendant pursuant to either section 25-530 or 25-540, R. R. S. 1943. The trial court dismissed plaintiffs' petitions, and they have appealed. We affirm the judgments of the District Court.

The automobile accident out of which these cases arise occurred on December 12, 1972, in Burt County, Nebraska. On November 8, 1976, plaintiffs filed petitions in the District Court, alleging that the accident was proximately caused by the negligence of the defendant, whose legal residence is with his parents in Iowa. On the same day they filed their petitions, plaintiffs by praecipes directed the clerk of the District Court to issue service of summonses upon the defendant by serving the Secretary of State. The clerk issued summonses on November

8th, commanding the sheriff of Lancaster County to notify the defendant by service on the Secretary of State that he had been sued by plaintiffs. The sheriff certified that he had served summonses on the Secretary of State on November 10, 1976. On the same date, November 10th, plaintiffs' attorney filed affidavits in which he stated that he had served the defendant pursuant to section 25-530, R. R. S. 1943, by mailing to him on November 9, 1976, by registered mail, return receipt requested, copies of the summonses and petitions at his last-known address in Iowa.

Affidavits filed in the District Court indicate that the defendant's parents received the copies of the summonses and petitions, although the receipts for the registered mailing were returned unsigned. Affidavits of plaintiffs' attorney indicated that cover letters were also included in the mailing. However, defendant's parents denied receiving cover letters, and no evidence was presented as to the contents thereof. Defendant's parents advised the defendant, who was a student at the University of Nebraska at Lincoln, that he had received correspondence from the plaintiffs concerning the lawsuit.

In addition to the affidavits concerning the validity of service pursuant to section 25-530, R. R. S. 1943, plaintiffs' attorney filed affidavits as proof of service under section 25-540 (2), R. R. S. 1943. These affidavits set forth the same version of attempted service as has been described above.

We first review plaintiffs' contention that service was adequate under section 25-530, R. R. S. 1943. That section provides for service of process upon the Secretary of State as agent for a nonresident who uses or operates a motor vehicle in this state in any action against him arising out of such use or operation. Subsection (7) of section 25-530, R. R. S. 1943, provides that "process thus served * * * on the Secretary of State as agent for a nonresident defendant in

an action for damages resulting from the use or operation of a motor vehicle, and such service shall be sufficient service upon the said nonresident; *Provided, that notice of such service and a copy of the process shall, within ten days after the date of service,* be sent by the plaintiff to the defendant by either registered or certified mail addressed to the defendant's last-known address, and it shall be the duty of the plaintiff to file, with the clerk of the court in which the action is brought, an affidavit that he has complied with such requirement." (Emphasis supplied.)

Defendant's objection to the validity of service under section 25-530 (7), R. R. S. 1943, was that he had received no notice of service upon the Secretary of State because plaintiffs had only mailed him copies of the summonses and petitions *before* service had been made on the Secretary of State. We believe the District Court was correct in concluding that the defendant was not given notice of service upon the Secretary of State.

Plaintiffs did nothing more than mail to the defendant's last-known address copies of the summonses and petitions. On the date these documents were mailed, the Secretary of State had not yet been served with the summonses. Courts in other jurisdictions have held that there has been no compliance with statutory provisions similar to section 25-530, R. R. S. 1943, when the plaintiff mails to the defendant notice of filing a suit, a copy of the process, and a copy of the complaint even 1 day before the summons was served on the Secretary of State. See, Jenkins v. Hill, 240 Ark. 197, 398 S. W. 2d 679 (1966); Johnson v. Brooks, 254 Iowa 278, 117 N. W. 2d 457 (1962); Varra v. Superior Court of Humboldt County, 181 Cal. App. 2d 12, 4 Cal. Rptr. 920 (1960); Bond v. Golden, 273 F. 2d 265 (10th Cir., 1959). The reasoning of such cases is that a plaintiff cannot be held to have given notice of service on the Secretary of

State before the performance of that act. Where the statute clearly requires that notice be given of service upon the Secretary of State, it is not substantial compliance with the statute to give notice of something which has not yet been done. See, State ex rel. Stevens v. Grimm, 192 Wis. 601, 213 N. W. 475 (1927); Conway v. Spence, 119 So. 2d 426 (Fla. App., 1960).

Section 25-530 (7), R. R. S. 1943, clearly requires that the plaintiff give the defendant notice of service upon the Secretary of State. Section 25-530, R. R. S. 1943, is to be strictly construed, and strict compliance with the section is mandatory and jurisdictional. Wilson v. Smith, 193 Neb. 433, 227 N. W. 2d 597 (1975). We conclude, as did the courts in the above-cited cases, that there has been no compliance with the statutory requirement where the plaintiff only mails to the defendant a copy of the summons and petition before the summons is served on the Secretary of State. Plaintiffs failed to comply with the statute in these cases, and therefore the District Court was correct in concluding that the plaintiffs had not effectively served the defendant pursuant to section 25-530, R. R. S. 1943.

Plaintiffs contend, however, that the service was valid pursuant to section 25-540, R. R. S. 1943. Section 25-536, R. R. S. 1943, provides that courts in this state may exercise personal jurisdiction over a person as to a cause of action arising from the person's causing tortious injury by an act or omission in this state. Section 25-537, R. R. S. 1943, provides that when the exercise of personal jurisdiction is authorized by section 25-536, R. R. S. 1943, service of process may be made outside this state. Section 25-540, R. R. S. 1943, provides: "(1) When the law of this state authorizes service outside this state, the service, when reasonably calculated to give actual notice, may be made: * * * (c) By any form of mail addressed to the person to be served and requiring a signed receipt." That section also pro-

vides in subsection (2): "When service is made by mail, proof of service shall include a receipt signed by the addressee or other evidence of personal delivery to the addressee satisfactory to the court."

The trial court concluded that plaintiffs had failed to serve the defendant under section 25-540, R. R. S. 1943, because: (1) The service was not reasonably calculated to give actual notice since it indicated that the summonses were being served upon the Secretary of State; and (2) proof of service did not include receipts signed by the addressee or other evidence of personal delivery to the defendant.

It is apparent from the record that the plaintiffs, in sending to the defendant's last-known address copies of the summonses and petitions, were not attempting to comply with the "actual notice" requirement of section 25-540, R. R. S. 1943, but were attempting to comply with section 25-530, R. R. S. 1943. It was only after the defendant entered his special appearances that the plaintiffs sought to justify the service under section 25-540, R. R. S. 1943. Plaintiffs nevertheless argue that the copies of the summonses and petitions clearly notified the defendant that a lawsuit had been commenced against him, and that therefore defendant had "actual notice."

Even assuming, without deciding, that this is true, we believe that the trial court was correct in concluding that the proof of service under section 25-540, R. R. S. 1943, was inadequate. It is undisputed that the receipts for the registered letters sent to defendant's last-known address were returned unsigned. Plaintiffs made no showing that there had been personal delivery to the defendant, who was a student at the University of Nebraska at Lincoln. Under these circumstances we conclude that the trial court was correct in finding that proof of service was inadequate.

The judgment of the District Court is affirmed.

AFFIRMED.