**Sandra FREDERICKS, Appellant,**

v.

**John D. ELLIOT, Appellee.**

**No. 82–2463.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 15, 1983.

Decided Aug. 31, 1983.

Rehearing Denied Oct. 4, 1983.

Craig A. Kennedy, Doyle, Bierle, Porter & Kennedy, Yankton, S.D., for appellant.

Douglas M. Deibert, Cadwell, Sanford & Deibert, Sioux Falls, S.D., for appellee.

Before LAY, Chief Judge, and HENLEY and BROWN,* Senior Circuit Judges.

HENLEY, Senior Circuit Judge.

Sandra Fredericks appeals the order of the district court granting summary judgment in favor of appellee John D. Elliot and dismissing her complaint on the ground that service of process was defective and the statute of limitations governing the action had expired since the time the attempted service was made. We affirm.

Appellant, a South Dakota resident, brought suit in South Dakota state court against appellee, a California resident, seeking to recover for injuries sustained in an automobile accident that occurred in South

---

* The Honorable Bailey Brown, United States Senior Circuit Judge for the Sixth Circuit, sitting by designation.

Dakota. On August 17, 1982 appellant's attorney mailed the summons and complaint to the secretary of state of South Dakota, designated by statute as the attorney for service of process on a nonresident motorist, S.D.Comp.Laws Ann. § 15–7–6.[1] On the same date, appellant's attorney mailed to appellee notice of service, a copy of the process, and an affidavit of compliance with section 15–7–7, which states,

> Service of process as authorized by § 15–7–6 shall be made by serving a copy thereof upon the secretary of state, or by filing such copy in the office of said secretary of state . . . and such service shall be sufficient service upon . . . the nonresident . . .; provided that notice of such service and a copy of the process are within ten days thereafter sent by mail by the plaintiff to the defendant at his last-known address and that the plaintiff's affidavit of compliance with the provisions of this section is attached to the summons. The secretary of state shall keep a record of all such process so served which shall show the day and hour of such service.

The secretary of state filed an Admission of Service with the state court, acknowledging that she received, *inter alia,* the summons and complaint on August 19, 1982. Appellee also received the documents mailed by appellant's attorney.

After removing the action to federal court appellee moved for summary judgment. After a hearing on appellee's motion, the district court granted summary judgment and dismissed the action. In doing so, the court found that service on the secretary of state was completed on August 19, the day the secretary received the summons and complaint. The court concluded that appellant had failed to comply with the requirement that notice of service be provided to the defendant within ten days after service on the secretary because her attorney mailed the notice before service was effected. Finally, the trial court determined that even though appellee had actually received notice of the proceedings against him, appellant had not substantially complied with the statute.

On appeal, appellant initially argues that actual service on the secretary of state occurred on August 17, the date the summons and complaint were mailed.[2] In support of this position she relies on S.D.Comp.Laws Ann. § 15–6–5(b), which states in pertinent part,

> Whenever . . . service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney . . . . Service upon the attorney . . . shall be made by delivering a copy to him or by mailing it to him . . . . *Service by mail* shall be by first class mail and *is complete upon mailing.*[3] An attorney's certificate of service, the written admission of service by the party or his attorney·or an affidavit shall be sufficient proof of service.

(Emphasis added.) Appellant concludes her argument with the assertion that since service on the secretary of state was complete upon mailing, she complied literally with the statutory requirement of providing notice of such service to defendant "within ten days thereafter," S.D.Comp.Laws Ann. § 15–7–7, by mailing the notice on the same date.

Appellant contends, in the alternative, that there was substantial compliance with

---

1. In pertinent part, the statute provides,
   The use and operation . . . by a nonresident . . . of a motor vehicle within the state of South Dakota, shall be deemed an irrevocable appointment . . . by such nonresident . . . of the secretary of state of South Dakota to be his true and lawful attorney upon whom may be served all legal process in any action or proceeding against him . . . growing out of such use and operation of a motor vehicle within this state, resulting in damages or loss to person or property. . . .

2. She asserts that the admission of service signed by the secretary of state is merely proof of service under S.D.Comp.Laws Ann. § 15–6–4(g)(3), *i.e.,* it does not establish the actual date of service.

3. Appellant's reliance on the emphasized provision apparently rests on the premise that there is no difference between the attorney-at-law in section 15–6–5(b) and the attorney/agent for service of process in section 15–7–6.

the statute. In this regard, she initially notes that the Supreme Court of South Dakota has stated, in addressing another portion of the long arm statute, that "the legislature ... intended to provide South Dakota residents with maximum protection of South Dakota courts from damages and injuries occasioned them through the acts or omissions, both contractual and tortious, of a nonresident when that nonresident has had the necessary minimal contacts with the state to comply with federal due process." *Ventling v. Kraft,* 83 S.D. 465, 161 N.W.2d 29, 34 (1968). Asserting on the basis of this language that the South Dakota long arm statute should be interpreted as broadly as possible, coextensive with the outer bounds of federal due process, to confer jurisdiction over nonresidents, appellant argues that since the procedure she followed actually gave appellee timely notice of the proceedings against him, it was sufficient to confer jurisdiction.

We note from the outset that the Supreme Court of South Dakota has not yet had occasion to interpret the statutory provision requiring plaintiff to provide a nonresident defendant with notice of service on the South Dakota secretary of state "within ten days thereafter." Though it appears, as appellant suggests, that the state favors a liberal view of jurisdiction under its long arm statute, the sufficiency of service here does not relate to the question of jurisdiction in the constitutional sense, but, rather, is primarily a matter of construction of the statute to determine whether appellant complied with its terms. Therefore, in the absence of a definitive statement by South Dakota courts concerning the provision in question, we are unwilling to reverse the district court's interpretation of the language of the statute, which, we note, is well supported by the law of other jurisdictions with a long arm statute containing language identical or similar to the phrase "within ten days thereafter." *See, e.g.,*

*Jenkins v. Hill,* 240 Ark. 197, 398 S.W.2d 679 (1966); *Schuett v. Powers,* 288 Minn. 542, 180 N.W.2d 253 (1970); *Lydick v. Smith,* 201 Neb. 45, 266 N.W.2d 208 (1978).

Accordingly, the judgment of the district court is affirmed.

LAY, Chief Judge, dissenting.

I respectfully dissent. I would find that the plaintiff has substantially complied with the service of process under the South Dakota statute. There exists no rational basis to deny plaintiff her day in court simply because her attorney mailed the notice of service to the Secretary of State at the same time he notified the defendant. The defendant was provided with proper notification of the claim and the court in which he was sued. It constitutes a complete miscarriage of justice to deny plaintiff her day in court on an alleged technical violation of the statute.

Although the majority is correct in stating that the Supreme Court of South Dakota has not interpreted the statutory provision involved,[1] the South Dakota court has on several occasions upheld the validity of summonses which were not in technical compliance with the authorizing statutes. *See e.g., Gifford v. Bowling,* 86 S.D. 615, 200 N.W.2d 379 (1972), *Hartley v. Jerry's Radio & Electric Shop,* 74 S.D. 87, 48 N.W.2d 925 (1951). In *Hartley,* the South Dakota court gave guidelines for construing the state process statutes. The court stated:

> The objects to be accomplished by process are to advise the defendant that an action or proceeding has been commenced against him by plaintiff, and to warn him that he must appear within a time and at a place named and make such defense as he has, and in default of his so doing, that judgment against him will be applied for or taken in a sum designated, or for relief specified. *If the summons actually issued*

1. Statutory interpretation problems such as the one in the instant case might be prevented by legislative clarification of the statute involved. *See Bomann Golf, Inc. v. Cosmos Industries, Inc.,* 459 F.2d 1090, 1092 (5th Cir.1972) (the

Florida legislature revised a process statute which allowed service on the Secretary of State "provided, that notice of such service ... [is] forthwith sent by the plaintiff" to read "Notice of service ... shall be sent forthwith").

*accomplishes these purposes, it should be held sufficient to confer jurisdiction, though it may be irregular and not containing other statements required by the statute. . . . It is sufficient in any case that the process is regular enough to inform the defendant of the nature of the proceedings against him, of the interest he has in them and of the court where the hearing will take place.*

Hartley v. Jerry's Radio & Electric Shop, supra, 48 N.W.2d at 927 (emphasis added) (quoting *Freeman on Judgments,* 5th Ed., § 341).

Though serious defects in service should not be tolerated, we also should not be blind to the realities of the case. Here, the South Dakota Secretary of State did receive the summons and complaint and the defendant admits subsequent receipt of notice of the service. The defendant would in no way have received "more" notice had the plaintiff handed the summons to the Secretary of State instead of mailing it to the office. However, this is apparently just what the district court finds lacking in, and fatal to, the plaintiff's cause of action.[2]

The majority states that "in the absence of a definitive statement by South Dakota courts concerning the provision in question we are unwilling to reverse the district court's interpretation of the language of the statute." However, in granting the summary judgment motion without opinion, the district court has given us no "interpretation" to examine and approve. The majority merely follows the district court's decision and neither court gives the plaintiff a reason for her claim now being void. As this court stated in *Luke v. American Family* ly Mutual Insurance Co., 476 F.2d 1015 (8th Cir.1973), *cert. denied,* 414 U.S. 856, 94 S.Ct. 158, 38 L.Ed.2d 105 (1973), although this court may provide deference to determinations of local law by a federal district judge, "a court of appeals cannot be irrevocably bound by a district judge's choice of one of two or more alternative rules to follow in a diversity case. To hold otherwise would be to abdicate our appellate responsibility." *Luke, supra,* at 1019–20. In that same case, we quoted with approval the language of a Fifth Circuit case stating that in the court of appeals, the "parties are entitled to review . . . of the trial court's determination of state law just as they are of any other legal question in a case." *Luke, supra,* at 1019 n. 6. (quoting *Freeman v. Continental Gin Co.,* 381 F.2d 459, 466 (5th Cir.1967)). This court should not give special weight or deference to a district court's opinion where no analysis or review is demonstrated. Furthermore, no special deference is deserving where analysis discloses a more reasoned result.

I would reverse the district court, uphold the service of process as substantial compliance with the law, and allow plaintiff her day in court.

---

**2.** The letter mailed to the defendant reads as follows:

> This is to inform you that on this date we have forwarded duplicate copies of the enclosed summons, complaint, affidavit of compliance with SDCL § 15–7–7, and certificate of service to the secretary of state of the State of South Dakota. The undersigned represents Sandra Fredericks, the plaintiff in this action. This action arises out of an automobile-pedestrian accident in which you were involved on August 26, 1979, in Yankton, South Dakota.

> In order to make you a defendant in this action, this office has made service of the enclosed summons and complaint on the secretary of state of South Dakota, as provided by South Dakota statute. The purpose of this letter is to inform you that you are now involved in this lawsuit, and jurisdiction has been obtained over you by serving the Secretary of State.

Record at 019.