FRANK PILGER V. STATE OF NEBRASKA.

FILED JANUARY 16, 1931. No. 27497.

*Fred H. Free* and *H. F. Barnhart,* for plaintiff in error.

*C. A. Sorensen, Attorney General,* and *Irvin Stalmaster,* contra.

Heard before Goss, C. J., Rose, Dean, Good, Thompson, Eberly and Day, JJ.

Thompson, J.

The plaintiff in error, hereinafter called defendant, was convicted upon two counts of an information filed against him in the district court for Pierce county, Nebraska, charging him as executor of the estate of George Vinson, deceased, with embezzlement of certain promissory notes belonging to such estate. The prosecution is had under section 9629, Comp. St. 1922, as amended by ch. 95, Laws 1923, now section 28-544, Comp. St. 1929, our general embezzlement statute, which, so far as here material, provides: "If any executor, administrator, guardian or assignee for the benefit of creditors shall embezzle or convert to his or her own use any money, property, rights in action or other valuable security or effects whatever belonging to any individual or company or association, that shall come into his or her possession by virtue or under color of his or her relation as officer, executor, administrator, guardian or assignee, every such person so offending shall be punished in the manner provided by law for feloniously stealing property of the value of the article so embezzled, taken or secreted or of the value of any sum of money payable or due upon any right in action so embezzled."

Among the various claimed errors assigned as grounds for reversal, it is insisted by the defendant that at common law the executor held the full title and *jus disponendi* of the personal estate, and that such situation still remains. This statement is not forceful. Executors and administrators in Nebraska are creatures of statute. In *Henry v. Henry,* 73 Neb. 746, we held: "An administrator appointed under the statute is not in any sense an agent of his intestate, but is a public trustee, of defined and limited powers." Thus, as held in *Murphy v. Crouse,* 135 Cal. 14: "Both

real and personal property descend  *  *  *  to the beneficiary named in the will, with a qualified right in the personal representative; who holds it, for the purposes of administration, more like a receiver than a common-law executor. The title is not in him, nor has he the power of disposal, save by order of court," or by lawful direction in the will. As stated in 24 C. J. 203, sec. 711: "The representative (executor or administrator), as such, takes no beneficial interest in the personalty, but takes it only for the purpose of administration and distribution to those entitled, and as to the surplus remaining after the payment of debts he is a mere trustee for those beneficially entitled." These quotations are in harmony with our holding in *Edmondson v. State,* 89 Neb. 797, which was a prosecution of a guardian for the embezzlement of the funds of his ward, but was under the same statute as the one here being considered. In the course of such opinion (page 800) we said: "It thus appears that it is not the failure of the guardian to make settlement or pay over to his wards the amount of money found due them which constitutes the offense; it is the fact of his conversion of such money to his own use which renders him guilty of the crime defined by the statute upon which the information in this case was founded. It is the use by the guardian, as his own, of the trust fund committed to his care which renders him criminally liable and for which a criminal prosecution may be maintained." The material facts which formed the basis of the foregoing quotation are quite similar to, if not identical with, those disclosed by the record now before us.

An executor should at all times act in good faith toward the estate, he being a trustee thereof. *Carden v. McGuirk,* 111 Neb. 350.

In *Kronberg v. State,* 114 Neb. 393, we held: "An executor of the estate of a deceased person is amenable to the embezzlement statute applicable to 'any individual or company or association,' if money (or other personal property) in his possession as such executor is embezzled by him."

Reference is here made to the case of *Thompson v. Pope,* 77 Neb. 338, wherein will be found a partial history of our statutory law of descent and distribution of property.

Thus, it will be seen that the common-law rule contended for by the defendant has been modified by our statutory enactments, and therefore, while such ancient rule may be instructive, it is without application here. By section 49-101, Comp. St. 1929, our legislature has designated when the common law may be said to apply. This section provides: "So much of the common law of England as is applicable and not inconsistent with the Constitution of the United States, with the organic law of this state, or with any law passed or to be passed by the legislature of this state, is adopted and declared to be law within the state of Nebraska."

The evidence reflected by this record is voluminous, and largely of an uncontradictory nature, hence a comparison and analysis thereof would be of but little value. However, it may be said that to read it is to be persuaded that the verdict of the jury is warranted by the evidence and the law applicable thereto; in fact, that under this record no other verdict than the one returned could reasonably have been arrived at. This defendant, as executor of this estate, became possessed of the notes referred to in the aforesaid two counts of the information, and, in utter disregard of his duties, and with fraudulent intent, converted the same to his own use without the consent of the owner in any manner having been first obtained.

As indicated at the beginning of this opinion, numerous claimed errors are urged. Owing to the importance of the case to the defendant, and to the general public, these have had our careful consideration, and are found to be without merit.

The defendant has had a fair trial, and the record being free from reversible error, the judgment of the district court is

AFFIRMED.