BETTY WILSON ET AL., APPELLANTS, V. BLANCHE SMITH ET AL., APPELLEES.

227 N. W. 2d 597

Filed April 3, 1975. No. 39690.

Don A. Fitch, for appellants.

Paul J. Yaneff of Yaneff & Cosgrove and Neil R. McCluhan of Kindig, Beebe, McCluhan, Rawlings and Nieland, for appellees.

Heard before SPENCER, NEWTON, CLINTON, and BRODKEY, JJ., and WARREN, District Judge.

WARREN, District Judge.

This is an appeal by plaintiffs Betty Wilson and Ervin Modlin from an order of the District Court sustaining the special appearance of the nonresident defendants Blanche Smith, Warren Vavra, and Linda Vavra.

The facts are not in dispute. Plaintiffs filed this action on July 10, 1973, alleging damages arising out of a one car accident in rural Thurston County on July 15, 1969, and requested substituted service on the Secretary of State as agent for the nonresident defendants. Proceeding under section 25-530.01, R. R. S. 1943, the clerk of the District Court issued summons on July 10, 1973, showing a return day of July 23, 1973, and an answer day of August 13, 1973. Service was regularly made on the Secretary of State as agent for each of the defendants on July 11, 1973, and the original summons with the return properly endorsed thereon was filed in the District Court for Thurston County on July 26, 1973. Plaintiffs' attorney at some subsequent date requested copies of the summons from the clerk and was furnished "copies" bearing a date issued of August 21, 1973, a return day of September 3, 1973, and an answer day of September 24, 1973. These "copies" of the summons, together with copies of the plaintiffs' petition, were then mailed by the attorney for plaintiffs to the last-known address of each defendant by registered return receipt mail on August 22, 1973, and the statutory affidavit of mailing was filed on August 27, 1973. The defendants

Vavra each signed return receipts on August 23, 1973, and the defendant Blanche Smith did so on August 28, 1973.

The defendants filed their special appearance challenging the court's jurisdiction over the persons of the defendants, alleging that the attempted service of process was defective in two respects: (1) A copy of the process was not mailed to each defendant within 10 days after service on the Secretary of State; and (2) the copies of process mailed to defendants were not true copies of the summons served on the Secretary of State.

Section 25-530(7), R. S. Supp., 1974, provides in part: "(7) Service of such process shall be made by serving a copy thereof upon the Secretary of State, personally * * * the process thus served shall indicate on the face of the document that it is served on the Secretary of State as agent for a nonresident defendant in an action for damages resulting from the use or operation of a motor vehicle, and such service shall be sufficient service upon the said nonresident; Provided, that notice of such service and a copy of the process shall, within ten days after the date of service, be sent by the plaintiff to the defendant by either registered or certified mail addressed to the defendant's last-known address, and it shall be the duty of the plaintiff to file, with the clerk of the court in which the action is brought, an affidavit that he has complied with such requirement."

It is obvious that the plaintiffs did not strictly comply with the requirements of the foregoing statute providing for substituted service on nonresident motorists. The copies of the process were not mailed to defendants until 42 days after summons was served on the Secretary of State; and the "copies" of process which were belatedly mailed were not true copies of the summons served on the Secretary of State.

Plaintiffs argue that service was complete when summons was served on the Secretary of State, and that thereafter substantial compliance with the provisions re-

lating to mailing is all that is required. We do not agree. The plain requirements of the statute cannot be fragmented. Both (1) substituted service upon the Secretary of State, and (2) the proper and timely mailing to a defendant of notice of such service and a copy of the process are definitely required, and no jurisdiction can be acquired until both requirements have been met.

"It is well settled in this state that the nonresident motorists' law is to be strictly construed and held to apply only to those persons specifically named in the statute." Rose v. Gisi, 139 Neb. 593, 298 N. W. 333 (1941).

This court held in Blauvelt v. Beck, 162 Neb. 576, 76 N. W. 2d 738 (1956): "A statute which authorizes the use of the postal service to notify a defendant that he has been sued in court is strictly construed and it must be specifically observed."

As recently as Erdman v. National Indemnity Co., 180 Neb. 133, 141 N. W. 2d 753 (1966), the rule was stated: "Statutes prescribing the manner of service of summons are mandatory and must be strictly pursued."

It is not necessary to determine whether or not the plaintiffs' actions constituted substantial compliance with the statute. We hold that strict compliance with the provisions of the nonresident motorists statute relating to use of the postal service to notify a defendant that he has been sued is mandatory and jurisdictional.

Personal jurisdiction over the defendants was not acquired. The special appearance of the respective defendants was properly sustained by the trial court, and its action is affirmed.

AFFIRMED.