MONICA REID, APPELLANT, V.
DONALD EVANS, APPELLEE.
733 N.W.2d 186

Filed June 8, 2007.   No. S-05-1503.

Timothy L. Ashford, P.C., L.L.O., for appellant.

Patrick S. Cooper, of Fraser, Stryker, Meusey, Olson, Boyer & Bloch, P.C., for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

## NATURE OF CASE

Monica Reid, appellant, filed a negligence action arising from a December 26, 2000, automobile accident in which she was a passenger in a car driven by Donald Evans, appellee. The complaint was filed on September 27, 2004, in the county court for Douglas County and named Donald as the defendant. Reid was unaware that Donald had died prior to the filing of the action. A copy of the complaint naming Donald as the sole defendant was served on Thomas Evans, the special administrator of Donald's estate, on March 19, 2005. Thus, service was not completed on Donald and a complaint naming his estate as defendant was not served within the 6-month statutory timeframe for service of a complaint. See Neb. Rev. Stat. § 25-217 (Cum. Supp. 2006).

On April 15, 2005, counsel for Donald filed a motion under § 25-217 seeking an order formally recognizing the dismissal of Reid's lawsuit by operation of law. In response, Reid filed a pleading entitled "Motion for Revivor to Amend the Complaint," by which she sought to amend her complaint to add Thomas as special administrator of Donald's estate as the defendant.

Reid claimed her proposed amendment was proper because it would relate back to the original filing date under Nebraska's relation-back statute, Neb. Rev. Stat. § 25-201.02 (Cum. Supp. 2006). The county court determined that because Reid's complaint naming Donald as the sole defendant had not been served on the only-named party defendant within the 6-month service of process period, Reid's action stood dismissed by operation of law on March 28, 2005. The county court also denied relief to Reid on her motion to amend. Upon appeal, the district court for Douglas County affirmed the county court's decision. Reid appeals.

We conclude that the district court did not err in affirming the county court's decision that Reid's action stood dismissed by operation of law under § 25-217. We further determine, as did the district court, that because Reid's action stood dismissed, Reid's motion invoking relation back to amend the dismissed complaint was a nullity. Accordingly, we affirm.

## STATEMENT OF FACTS

On December 26, 2000, Reid was a passenger in an automobile driven by Donald. Reid was allegedly injured when she and Donald were involved in an accident in Omaha. Donald died sometime in 2003, a fact of which Reid was unaware. On September 27, 2004, Reid filed a negligence action against Donald, captioned "Monica Reid, Plaintiff, vs. Donald Evans, Defendant," in the county court for Douglas County. Reid made several unsuccessful attempts to serve Donald with the summons and a copy of the complaint. On March 19, 2005, Reid served the summons and complaint upon Thomas, Donald's son, who had been named the special administrator of Donald's estate. At the time Reid served Thomas, the complaint named Donald as the only defendant. Neither Thomas nor Donald's estate was named as a party.

On April 15, 2005, counsel for Donald filed a motion to formally recognize the dismissal of Reid's lawsuit against Donald in accordance with § 25-217, which provides that an "action shall stand dismissed without prejudice as to any defendant not served within six months from the date the complaint was filed." The 6-month service time period had expired by March 28, 2005.

In response, on May 2, Reid filed a pleading entitled "Motion for Revivor to Amend the Complaint," by which Reid sought leave to amend her complaint to name Thomas as the defendant, in his capacity as the special administrator of Donald's estate. Reid asserted that such an amendment would date back to the original filing date of her complaint under Nebraska's relation-back statute, § 25-201.02, and in so doing, Reid claimed the action would avoid being time barred under Nebraska's 4-year statute of limitations for negligence, Neb. Rev. Stat. § 25-207 (Reissue 1995), suspended by 2 months under Neb. Rev. Stat. § 30-2484 (Reissue 1995).

Section 25-201.02 provides in pertinent part as follows:

> (2) If the amendment [to a pleading] changes the party or the name of the party against whom a claim is asserted, the amendment relates back to the date of the original pleading if (a) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading, and (b) within the period provided for commencing an action the party against whom the claim is asserted by the amended pleading (i) received notice of the action such that the party will not be prejudiced in maintaining a defense on the merits and (ii) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

The parties' motions came on for hearing on May 5, 2005. In an order filed May 20, the county court granted the motion to formally recognize the dismissal of Reid's lawsuit under § 25-217, denied Reid's motion, and ordered that Reid's lawsuit stood dismissed as of March 28, 2005.

Reid appealed the county court's order to the district court. In an order filed November 17, 2005, the district court affirmed the county court's decision that under the provisions of § 25-217, Reid's lawsuit against Donald stood dismissed by operation of law on March 28. The district court further determined that because Reid's lawsuit was dismissed on March 28, the county court was thereafter without jurisdiction to consider Reid's motion to amend and relate back. Reid appeals.

## ASSIGNMENTS OF ERROR

On appeal, Reid assigns numerous errors that can be summarized as claiming that the district court erred in (1) affirming the county court's decision that Reid's lawsuit stood dismissed on March 28, 2005, by operation of law under § 25-217 and (2) determining that because Reid's lawsuit was dismissed, the county court lacked jurisdiction to rule on Reid's motion to amend the complaint and relate back under § 25-201.02.

## STANDARD OF REVIEW

■ The interpretation of a statute is a question of law for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. See *Betterman v. Department of Motor Vehicles*, 273 Neb. 178, 728 N.W.2d 570 (2007).

## ANALYSIS

■ This case was treated as one subject to dismissal under § 25-217 by the lower courts, and our analysis on appeal is framed by the manner in which the case was litigated and decided below. See *Owen v. American Hydraulics*, 258 Neb. 881, 606 N.W.2d 470 (2000). Compare *Babbitt v. Hronik*, 261 Neb. 513, 623 N.W.2d 700 (2001) (analyzing and affirming district court's grant of summary judgment when plaintiff failed to timely commence action against estate).

For her first assignment of error, Reid claims that the district court erred in affirming the county court's decision that her lawsuit against Donald was dismissed by operation of law pursuant to the provisions of § 25-217 because she had not served Donald, the sole defendant named in the complaint, within 6 months of filing the lawsuit. Reid claims that her service of summons and the complaint upon Thomas was sufficient to satisfy the requirements of § 25-217, even though neither Thomas nor the estate was named as a defendant in the lawsuit. We reject Reid's argument.

■ Central to our analysis of Reid's first assignment of error is the language of § 25-217, which provides that "[a]n action is commenced on the date the complaint is filed with the court. The action shall stand dismissed without prejudice as to any defendant not served within six months from the date the complaint

was filed." We have construed this language to mean that an action is dismissed by operation of law as to any defendant who is named and who is not served with process within 6 months after the complaint is filed. We have recently stated that "[u]nder § 25-217 . . . the expression 'any defendant' . . . mean[s] that dismissal is indicated as to that defendant who [is named and] is 'not served'. . . ." *State Farm Mut. Auto. Ins. Co. v. Allstate Ins. Co.*, 268 Neb. 439, 447, 684 N.W.2d 14, 21-22 (2004) (determining that dismissal affects only those named defendants who are not properly served).

Reid's lawsuit was "commenced" on September 27, 2004, the day she filed her complaint. See § 25-217. Reid failed to obtain service of process upon Donald, the only defendant named in her lawsuit, on or before March 27, 2005, which was 6 months after her lawsuit was filed. As a result, Reid's lawsuit against Donald stood dismissed by operation of law on March 28. See *Vopalka v. Abraham*, 260 Neb. 737, 746, 619 N.W.2d 594, 601 (2000) (stating that "[d]ismissal by operation of law effectuates the mandatory language of the statute"). See, also, *Kovar v. Habrock*, 261 Neb. 337, 342, 622 N.W.2d 688, 692 (2001) (stating that "[t]he language of § 25-217 . . . is self-executing and mandatory").

Reid argues that Thomas received notice of the lawsuit within the 6-month service period provided under § 25-217 and that "but for a mistake concerning the identity of the proper party, the action would have been brought against the party Thomas Evans as Special Administrator of the Estate of Donald Evans." Brief for appellant at 12.

We find Reid's argument unpersuasive. Thomas was not a named defendant in the lawsuit, and thus, any service of process upon him is of no effect. See, *Lydick v. Smith*, 201 Neb. 45, 266 N.W.2d 208 (1978) (discussing that strict compliance with requirements of service of process is mandatory and jurisdictional); *Wilson v. Smith*, 193 Neb. 433, 436, 227 N.W.2d 597, 598 (1975) (stating that "'[s]tatutes [governing] service of summons are mandatory and must be strictly pursued,'" quoting *Erdman v. National Indemnity Co.*, 180 Neb. 133, 141 N.W.2d 753 (1966)). Contrary to the requirements in the relevant probate statute regarding commencement of actions against an

estate, Neb. Rev. Stat. § 30-2404 (Reissue 1995), Reid named only Donald in her complaint, and she failed to obtain service of process upon Donald within 6 months of the filing of her lawsuit. "[T]he plain language of § 25-217 requires [that] as to any defendant not served within 6 months of filing, the action stands dismissed." *Fox v. Nick*, 265 Neb. 986, 990, 660 N.W.2d 881, 885 (2003). We affirm the decision of the district court that affirmed the county court's decision that Reid's lawsuit against Donald stood dismissed by operation of law on March 28, 2005.

For her second assignment of error, Reid claims that the district court erred in determining that because Reid's lawsuit stood dismissed, the county court lacked authority to rule on Reid's motion to amend the complaint in an attempt to take advantage of Nebraska's relation-back statute. Reid claims that under § 25-201.02, she should have been allowed to amend her complaint to name Thomas as the defendant and that such an amendment would have been effective as of the date she commenced her lawsuit, thereby making service of process on Thomas timely under § 25-217 and within the statute of limitations. Section 25-201.02 provides in pertinent part as follows:

> (2) If the amendment [of a pleading] changes the party or the name of the party against whom a claim is asserted, the amendment relates back to the date of the original pleading if (a) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading, and (b) within the period provided for commencing an action the party against whom the claim is asserted by the amended pleading (i) received notice of the action such that the party will not be prejudiced in maintaining a defense on the merits and (ii) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Counsel for Donald responds that Reid's relation-back argument is inapplicable because once the case was dismissed by operation of law under § 25-217, the district court was without authority to consider Reid's motion. Counsel for Donald further argues that even if the relation-back statute did apply, it would

not assist Reid because the version of the relation-back statute adopted by Nebraska, which is derived from a now-superseded version of Fed. R. of Civ. P. 15(c), only allows an amendment to relate back to the original filing date if the party who is being added by the amendment was aware of the claim during "the period provided for commencing an action" against such party, see § 25-201.02(2)(b), and this latter phrase has been interpreted to mean prior to the expiration of the statute of limitations, see *Schiavone v. Fortune*, 477 U.S. 21, 106 S. Ct. 2379, 91 L. Ed. 2d 18 (1986). Compare *Smeal v. Olson*, 263 Neb. 900, 644 N.W.2d 550 (2002) (applying federal jurisprudence under revised rule 15(c) prior to adoption of § 25-201.02). Counsel for Donald argues that because Thomas was not served with notice of Reid's lawsuit against Donald until March 19, 2005, Thomas did not receive notice prior to the expiration of the statute of limitations, and therefore, Reid cannot benefit from the relation-back statute. We agree with counsel's initial argument that relation back is inapplicable in this case.

We have stated that

> [a]fter dismissal of an action by operation of law pursuant to § 25-217, there is no longer an action pending and the district court has no jurisdiction to make any further orders except to formalize the dismissal. . . . If orders are made following the dismissal, they are a nullity, as are subsequent pleadings.

*Kovar v. Habrock*, 261 Neb. 337, 342, 622 N.W.2d 688, 692 (2001). Because Reid's lawsuit had been dismissed, her subsequent motion to amend and take advantage of relation back was a nullity, as would have been any order entered by the county court on that motion. Once Reid's lawsuit had been dismissed, the county court lacked jurisdiction to make any further orders other than to formalize the dismissal. See *id.* The district court did not err in determining that the county court lacked jurisdiction to consider Reid's motion to amend, and we affirm the district court's decision.

## CONCLUSION

We conclude that the district court did not err in affirming the county court's decision that Reid's lawsuit was dismissed

by operation of law pursuant to § 25-217. We further conclude, as did the district court, that because Reid's lawsuit stood dismissed on March 28, 2005, the county court lacked jurisdiction to consider Reid's motion to amend. Accordingly, we affirm the district court's decision.

AFFIRMED.

MILLER-LERMAN, J., concurring.

I agree with the opinion of the court that the case stood dismissed by operation of law under Neb. Rev. Stat. § 25-217 (Cum. Supp. 2006) and that once the case stood dismissed, Reid's subsequent motion to amend and relate back was a nullity. I write separately to expand on additional reasons why Reid's invocation of relation back would be unavailing and to point out that the version of Fed. R. of Civ. P. 15(c) adopted by the Legislature is less forgiving than the current version of rule 15(c) adopted by the federal courts.

In his brief, counsel for Donald correctly notes that in adopting Neb. Rev. Stat. § 25-201.02 (Cum. Supp. 2006), Nebraska adopted language from a version of rule 15(c) of the Federal Rules of Civil Procedure governing relation back that has since been superseded. In 1991, Fed. R. of Civ. P. 15(c) was modified, and it presently allows for an amendment to a complaint to relate back to the original filing date of the lawsuit if the party added by the amendment received notice of the lawsuit during the period allowed for service of process, even if that time period extends beyond the statute of limitations. 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1107 (3d ed. 2002 & Supp. 2007). However, because Nebraska has adopted language derived from the previous rather than the current version of Fed. R. of Civ. P. 15(c), even if Reid's relation-back argument had application, it would be unavailing.

In addition, there is a more fundamental reason in relation-back jurisprudence why Reid's motion to amend by invoking relation back was inapplicable. Relation back is a concept that facilitates amendments to pleadings, and relation back is inapplicable to a lawsuit that has already been dismissed. In order for an amendment to relate back to the original filing date, there must be an action pending at the time the proposed amendment

is filed. If a lawsuit has already been dismissed, there is nothing for a subsequent amendment to relate back to. See, *Marsh v. Soares*, 223 F.3d 1217, 1219 (10th Cir. 2000) (stating that subsequent pleading "'cannot relate back to a previously filed petition that has been dismissed . . . because there is nothing for the [pleading] to relate back to'"); *Henry v. Lungren*, 164 F.3d 1240, 1241 (9th Cir. 1999) (stating that because "original . . . action was dismissed . . . there was no pending petition to which [the new pleading] could relate back or amend"). See, also, *Hayes v. U.S.*, 73 Fed. Cl. 724, 729 (2006) (stating that "[b]ecause . . . case was dismiss[ed] . . . present claim cannot relate back to that dismissed case"); *Holloway v. U.S.*, 60 Fed. Cl. 254 (2004) (stating that subsequent pleading could not relate back to earlier complaint that had been dismissed); *Frazer v. U.S.*, 49 Fed. Cl. 734, 736 (2001) (stating that once complaint had been dismissed, subsequent pleading "st[ood] alone. And standing alone, it is time-barred"). Reid's action stood dismissed by operation of law on March 28, 2005, and Reid did not file her motion to amend until May 2. Because Reid's lawsuit had been dismissed, there was nothing for her proposed amendment to relate back to.

If the Legislature was to revise § 25-201.02 to provide language similar to the current version of rule 15(c) of the Federal Rules of Civil Procedure, a plaintiff seeking to amend and take advantage of relation back who files a motion after the statute of limitations has run but during the period allowed for service, and who otherwise meets statutory requirements, would be able to amend the complaint. Revisions to § 25-201.02 could marginally enhance the utility of statutory relation back in Nebraska.

McCORMACK, J., joins in this concurrence.