TROY NEIMAN AND CAROL LEWIS, SHAREHOLDERS
IN TRI R ANGUS, INC., APPELLEES, V. TRI R
ANGUS, INC., ET AL., APPELLANTS.
739 N.W.2d 182

Filed September 7, 2007.    No. S-06-118.

David A. Domina, of Domina Law Group, P.C., L.L.O., and George M. Zeilinger for appellants.

K.C. Engdahl and Karisa D. Johnson, of Ballew, Schneider, Covalt, Gaines & Engdahl, P.C., L.L.O., for appellees.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

Appellees, Troy Neiman and Carol Lewis, shareholders in appellant Tri R Angus, Inc. (Tri R), instituted this action in the district court for Thomas County against Tri R and director appellants Jon L. Neiman and Frances E. Neiman (the director appellants), seeking to have the director appellants judicially removed as directors of Tri R. Appellees brought this action pursuant to Neb. Rev. Stat. § 21-2086 (Reissue 1997), which permits the removal of directors by judicial proceeding under certain circumstances. Appellees moved for summary judgment. Following an evidentiary hearing, the district court sustained appellees' motion, ordered the director appellants removed as directors of Tri R, and enjoined them from serving as directors for a period of 2 years. In a subsequent order, the district court denied appellants' "Motion for New Trial" and sustained appellees' motion for further order. In its further order, the court directed Tri R to hold a special shareholders' meeting for the purpose of electing new directors to replace the director appellants and further ruled that the director appellants were not eligible to be elected as directors.

Appellants filed an appeal. We conclude that appellees failed to establish that they were entitled to judgment as a matter of law, and we therefore reverse the district court's entry of summary judgment, vacate the district court's further order entered after the grant of summary judgment, and remand the cause for further proceedings.

## STATEMENT OF FACTS

The record reflects that Tri R is a closely held, private corporation in which the director appellants hold approximately 80 percent of the corporation's stock, and appellees hold approximately 12 percent of the stock. The director appellants serve as directors of Tri R. Appellees filed this action with the district court

seeking the judicial removal of the director appellants as Tri R directors pursuant to § 21-2086, which provides as follows:

(1) The district court of the county where a corporation's principal office, or, if none in this state, its registered office, is located, may remove a director of the corporation from office in a proceeding commenced either by the corporation or by its shareholders holding at least ten percent of the outstanding shares of any class if. the court finds that (a) the director engaged in fraudulent or dishonest conduct or gross abuse of authority or discretion with respect to the corporation and (b) removal is in the best interests of the corporation.

(2) The court that removes a director may bar the director from reelection for a period prescribed by the court.

(3) If shareholders commence a proceeding under subsection (1) of this section, they shall make the corporation a party defendant.

In their complaint filed on May 18, 2005, appellees alleged, inter alia, that the director appellants, as directors of Tri R, authorized the distribution of assets in violation of state law, inappropriately mortgaged or pledged corporate assets, inappropriately sold or disposed of corporate assets, inappropriately diverted and utilized corporate earnings, and wasted corporate assets. Appellants filed an answer generally denying the allegations in the complaint.

On September 8, 2005, appellees filed a motion for summary judgment. An evidentiary hearing was held, and evidence was adduced by appellees. The director appellants did not introduce evidence in opposition to appellees' motion for summary judgment.

In an order filed December 5, 2005, the district court sustained appellees' motion and ordered the removal of the director appellants. In its order, the district court stated that its

ruling [was] based in part upon the decision entered by . . . the Lincoln County District Court [in the] case of *Tri R. Angus, Inc. v. Neiman and Neiman Corp. et al.* [and upon] the orders [of the] United States Bankruptcy Court for the District of Nebraska involving the Chapter 11

Bankruptcy proceedings of [Tri R] as well as [of the director appellants].

We note that the ruling from the Lincoln County District Court upon which the summary judgment in the instant case was based resolved litigation that had been initiated in 2001, involving events that had occurred primarily between 1998 and 2001, and that the bankruptcy court orders also relied on had been entered in 2003 and largely consisted of rulings dismissing the bankruptcy proceedings for failure to comply with bankruptcy court orders that directed the filing of amended bankruptcy schedules and operating reports and for failure to make an adequate protection payment in a timely manner. In its order filed December 5, 2005, the district court ordered that the director appellants be removed as directors of Tri R and further enjoined the director appellants from serving as Tri R directors for a period of 2 years.

Following the district court's order sustaining appellees' motion for summary judgment, appellants filed a "Motion for New Trial" and appellees filed a motion for further order. In an order filed January 19, 2006, the district court denied appellants' motion and sustained appellees' motion, setting a date for a shareholders' meeting to hold elections to fill the vacancies and prohibiting the director appellants from seeking election as directors. Appellants filed this appeal.

## ASSIGNMENTS OF ERROR

On appeal, appellants assign various errors. In summary, appellants claim that the district court for Thomas County (1) lacked jurisdiction to decide this case because Tri R's principal office is located in Cherry County and not in Thomas County, (2) erred in entering summary judgment in favor of appellees, and (3) erred in sustaining appellees' motion for further order.

## STANDARDS OF REVIEW

Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Alston v. Hormel Foods Corp.*,

273 Neb. 422, 730 N.W.2d 376 (2007). In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Id.*

■ The interpretation of a statute is a question of law for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Reid v. Evans,* 273 Neb. 714, 733 N.W.2d 186 (2007).

## ANALYSIS

*Appellees Filed Their Action in the*
*Appropriate District Court.*

For their first assignment of error, appellants claim that the district court lacked authority to hear the instant case. In support of this argument, appellants rely upon § 21-2086(1), which, in pertinent part, provides that "[t]he district court of the county where a corporation's principal office, or, if none in this state, its registered office, is located, may remove a director of the corporation from office . . . ." Appellants claim that this statutory provision is jurisdictional and argue that Tri R's principal office is located in Cherry County, not Thomas County, and that therefore, the district court for Thomas County lacked jurisdiction to hear the instant case.

We determine that, without regard to whether § 21-2086(1) is jurisdictional in nature, the evidence in the record demonstrates that Tri R's principal office is located in Thomas County, where the action was filed, and that thus, the district court for Thomas County was authorized under the statute to hear the present action.

The record on appeal contains copies of Tri R's corporate bylaws. The bylaws provide that Tri R's principal office is located in Thomas County, a fact that counsel for appellants acknowledged at oral argument. Nothing in the record indicates that the bylaws have been amended relative to the principal office. Principal office is defined as "the office, in or out of this state, so designated in the annual report where the principal executive offices of a domestic or foreign corporation are located." Neb. Rev. Stat. § 21-2014(15) (Reissue 1997). In

challenging the filing of this action in Thomas County, appellants have not directed this court to any annual reports located in the record that designated Tri R's principal office.

The record does not contain meaningful evidence that the principal office is located in a county other than Thomas County. Given the record, we conclude that there is no merit to appellants' first assignment of error.

*The District Court Erred in Granting Appellees' Motion for Summary Judgment Because Appellees Failed to Establish That They Were Entitled to Judgment as a Matter of Law.*

For their second assignment of error, appellants claim, for a variety of reasons, that the district court erred in entering summary judgment in favor of appellees. Taking into consideration the provisions of § 21-2086(1) and the record in this case, we conclude that appellees failed to establish that they were entitled to judgment as a matter of law and that therefore, the district court erred in sustaining appellees' motion for summary judgment. We reverse the district court's entry of summary judgment, and, as discussed in the last section of this opinion, vacate its further order of January 19, 2006, and remand the cause for further proceedings.

This case seeking the judicial removal of directors was brought under § 21-2086(1), which provides as follows:

> The district court of the county where a corporation's principal office, or, if none in this state, its registered office, is located, may remove a director of the corporation from office in a proceeding commenced either by the corporation or by its shareholders holding at least ten percent of the outstanding shares of any class if the court finds that (a) the director engaged in fraudulent or dishonest conduct or gross abuse of authority or discretion with respect to the corporation and (b) removal is in the best interests of the corporation.

To succeed in an action brought under § 21-2086(1), the prohibited conduct must be proved, and it must be shown that removal of a director is in the best interests of the corporation. More specifically, the district court may remove a director in an action brought by shareholders holding at least 10 percent of

the outstanding shares if the court, after reviewing the evidence, finds that the director engaged in fraudulent or dishonest conduct or engaged in a gross abuse of authority or discretion with respect to the corporation and also finds that the removal of the director is in the corporation's best interests.

This court has not had occasion to consider the requirements for judicial removal of corporate directors under the provisions of § 21-2086, which was enacted in 1995. The Statement of Intent relative to the bill that introduced § 21-2086 indicates that the provisions of the bill are based on the Model Business Corporation Act (MBCA) and that the "intent [of the bill] is to fine-tune our corporate law to insure [sic] that it is meeting the needs of Nebraska businesses and creating an attractive environment in which corporations may be formed." L.B. 109, Banking, Commerce and Insurance Committee, 94th Leg., 1st Sess. (Jan. 23, 1995).

Appellants assert, and appellees do not dispute, that § 21-2086 is based upon MBCA § 8.09. See 2 Model Business Corporation Act Ann. § 8.09 (3d ed. 2002). Other states have enacted statutes based on MBCA § 8.09 that are comparable to § 21-2086. See, e.g., Ariz. Rev. Stat. Ann. § 10-809 (2004); Colo. Rev. Stat. Ann. § 7-108-109 (West 2006); Iowa Code Ann. § 490.809 (West Cum. Supp. 2007); N.Y. Bus. Corp. Law § 706 (McKinney 2003). However, we are not aware of, and the parties have not directed us to, decisions of courts in other jurisdictions that have provisions similar to § 21-2086 that are useful in determining how to apply the provisions of the Nebraska statute in the instant case.

We are aware that § 8.09 of the MBCA has been amended, and although the amendments have not been incorporated into the Nebraska statutory provision, comments made by the Committee on Corporate Laws of the Section of Business Law, which from time to time proposes changes to the MBCA, are instructive as to the drafters' intent behind the original provisions that form the basis of § 21-2086. The committee has observed that

[t]he grounds for removal in the present statute ("the director engaged in fraudulent or dishonest conduct, or gross abuse of authority or discretion, with respect to the corporation,") are vague, insufficient to distinguish more from

less serious misbehavior, provide inadequate guidance for the exercise of the court's discretion, and may therefore be susceptible to abuse.

See Committee on Corporate Laws of the Section of Business Law, *Changes in the Model Business Corporation Act—Proposed Amendments Relating to Directors*, 56 Bus. Law. 85-86 (2000). More particularly, the official comment to the amended section states that

> [s]ection 8.09 is designed to operate in the limited circumstance where other remedies are inadequate to address serious misconduct by a director . . . . Misconduct serious enough to justify the extraordinary remedy of judicial removal does not involve any matter falling within an individual director's lawful exercise of business judgment, no matter how unpopular the director's views may be . . . .

See Committee on Corporate Law of the Section of Business Law, *supra* at 90.

In addition to this comment, commentators in states that have enacted statutory versions of § 8.09 have similarly discussed the extreme and limited nature of the remedy with respect to the conduct and the resultant harm to the corporation that would justify removal. One commentator has noted that the bar for removal

> is a high standard, requiring gross, intentional, or dishonest conduct [and e]ven if that standard is met, the director still cannot be removed unless the removal is in the best interests of the corporation. Clearly, the drafters of this statute wished to make it possible, but difficult, for a court to remove a director.

See 1 Cathy Stricklin Krendl et al., Methods of Practice § 1.62 (Colo. Prac. Series, 6th ed. 2005) (discussing Colo. Rev. Stat. Ann. § 7-108-109, Colorado's statutory version of MBCA § 8.09). In addition to noting the "high standard" established by the statute, legal commentators have discussed the elements the shareholder must prove in order to obtain judicial removal of a director, stating that

> [i]n an action to remove a director under statutory provisions, the plaintiff has the burden of proving . . . all of the elements of the cause of action. . . . The most difficult

element in the plaintiff's case will usually be to establish the acts of the defendant director being relied upon as a ground for removal. The plaintiff may call the defendant and other corporate officers to testify as to the acts or transactions complained of, but in most cases, the plaintiff will have to conduct considerable discovery proceedings and obtain from the corporate records as much evidentiary matter as possible.

14A N.Y. Jur. 2d *Business Relationships* § 567 (1996) (discussing N.Y. Bus. Corp. Law § 706, New York's statutory version of MBCA § 8.09).

■ The interpretation of a statute is a question of law for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Reid v. Evans*, 273 Neb. 714, 733 N.W.2d 186 (2007). The language of Nebraska's version of MBCA § 8.09, § 21-2086, leads us to conclude, as have others considering MBCA § 8.09, that judicial removal of a director is an extraordinary remedy. It is not a remedy to be judicially awarded when there is merely a difference of opinion between the shareholders and the directors regarding the operations of the corporation encompassed by the exercise of business judgment. Instead, it is an unusual remedy that is to be granted only upon the shareholder's production of sufficient evidence demonstrating that the director has engaged in "fraudulent or dishonest conduct or gross abuse of authority or discretion with respect to the corporation." § 21-2086.

■ By including "fraudulent" conduct in the list of conduct that justifies judicial removal of directors, we believe that § 21-2086 as a whole evinces a high bar for removal. *City of Gordon v. Ruse*, 268 Neb. 686, 690, 687 N.W.2d 182, 185 (2004) (stating that "[t]o determine the legislative intent of a statute, a court generally considers the subject matter of the whole act, as well as the particular topic of the statute containing the questioned language"). The elements for establishing fraud can commonly include a requirement that the actor whose conduct is challenged had the requisite knowledge that his or her conduct was unacceptable or his or her representations were false. *Nielsen v. Adams*, 223 Neb. 262, 388 N.W.2d 840 (1986) (citing W. Page Keeton et al., Prosser & Keeton on the Law of

Torts § 105 (5th ed. 1984)). In connection with a complaint for securities fraud, we note that in *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007), the U.S. Supreme Court recently discussed the heightened pleading requirement of facts evidencing scienter required by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b)(2) (2000) (§ 21D(b)(2)). Specifically, under § 21D(b)(2), plaintiffs must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." Consistent with the foregoing, in discussing fraud, we have previously noted that scienter, as an aspect of the knowledge requirement of fraud, involves inferences going to the defendant's state of mind, and we have further observed that the defendant's state of mind is difficult to prove. *Nielsen v. Adams, supra.* As a result, not surprisingly, it has been observed that a claim of fraud is generally inappropriate for disposition at the summary judgment stage. See, *Mitchell v. Calhoun*, 229 Ga. 757, 194 S.E.2d 421 (1972); *Great So. Nat. v. McCullough Env. Serv.*, 595 So. 2d 1282 (Miss. 1992); *Lacy v. Morrison*, 906 So. 2d 126 (Miss. App. 2004); *Hooks v. Eckman*, 159 N.C. App. 681, 587 S.E.2d 352 (2003).

In *Tellabs, Inc.*, the U.S. Supreme Court noted that the various tests applicable to pleadings, summary judgments, and post-trial judgments are different and that "the test at each stage is measured against a different backdrop." 551 U.S. at 325 n.5. We, of course, agree that the tests differ at different stages of the litigation. In the instant appeal, we are asked to rule on the propriety of a summary judgment entered in favor of appellees based on a collection of documents that in and of themselves do not unequivocally demonstrate that the director appellants had the required state of mind and that the director appellants engaged in fraudulent conduct. For the present purpose of reviewing a summary judgment, we must view the evidence in a light most favorable to the party against whom the judgment is entered and give such party the benefit of all reasonable inferences deducible from the evidence. See *Alston v. Hormel Foods Corp.*, 273 Neb. 422, 730 N.W.2d 376 (2007).

Giving the inferences in favor of the director appellants, as we must, we cannot say at the summary judgment stage that

appellees established that the director appellants engaged in fraudulent or dishonest conduct. See § 21-2086(1). By extension, and without regard to the knowledge requirement of fraud, we also believe that, taking the inferences in favor of the director appellants, the record on summary judgment fails to establish as a matter of law that the director appellants have necessarily engaged in gross abuse of authority or discretion with respect to the corporation. See *id.* Finally, we also believe that because judicial removal of directors is a remedy designed, in part, to prevent future abuse, the acts complained of should be relatively recent. See Olga N. Sirodoeva-Paxson, *Judicial Removal of Directors: Denial of Directors' License to Steal or Shareholders' Freedom to Vote?* 50 Hastings L.J. 97 (1998). As noted below, we also determine that the tendered evidence does not satisfy this requirement.

The record in the instant case consists of thousands of pages of documents. Aside from procedural affidavits from counsel, which identify the documents tendered into evidence, appellees have provided little guidance to this court with regard to the significance of these documents or the relationship between these documents and the requirements of § 21-2086(1). Our review of the evidence shows that the exhibits consist primarily of copies of pleadings and materials filed in other litigation involving Tri R, as well as copies of materials filed in Tri R's and the director appellants' chapter 11 bankruptcy proceedings. The acts reflected in the other cases are invariably several years old, dating from 2003 or earlier. There is no objective evidence of current conduct by the director appellants that meets the high bar to establish the conduct required under the statute. Further, there is no objective evidence that the older conduct requires removal or that removal is in the best interests of the corporation. See *Medlock v. Medlock*, 263 Neb. 666, 642 N.W.2d 113 (2002) (commenting on inutility of stale evidence). For completeness, we note that the record does contain the November 2005 affidavit of appellee Troy Neiman relating to his observations relative to the condition of certain Tri R property, made after an aerial inspection. This affidavit is insufficient to establish that appellees were entitled to judgment as a matter of law.

We have considered the evidence offered by appellees at the summary judgment hearing in light of the requirements of § 21-2086(1) discussed above to determine the propriety of the district court's ruling granting summary judgment. A party moving for summary judgment must make a prima facie case by producing enough evidence to demonstrate that the movant is entitled to judgment if the evidence were uncontroverted at trial. *Pogge v. American Fam. Mut. Ins. Co.*, 272 Neb. 554, 723 Neb. 334 (2006). If the moving party fails to make a prima facie case, the movant is not entitled to judgment as a matter of law. See *New Tek Mfg. v. Beehner*, 270 Neb. 264, 702 N.W.2d 336 (2005). In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Alston v. Hormel Foods Corp.*, 273 Neb. 422, 730 Neb. 376 (2007).

Applying the foregoing principles, appellees were not entitled to judgment as a matter of law, and the district court erred in granting appellees' motion for summary judgment. We reverse the district court's order granting summary judgment in favor of appellees and remand the cause for further proceedings.

*The District Court's Order Entered on Appellees' Motion for Further Order Must Be Vacated.*

Appellants' final assignment of error challenges the propriety of the district court's order of January 19, 2006, granting appellees' motion for further order, in which the district court set a date for a shareholders' meeting to hold elections to fill the director vacancies and prohibited the director appellants from seeking election as directors. In view of our reversal of the summary judgment entered in favor of appellees, it necessarily follows that this subsequent relief afforded by the district court granting appellees' motion for further relief was error and must be vacated.

CONCLUSION

In this action seeking judicial removal of directors under § 21-2086, appellees failed to establish that they were entitled

to judgment as a matter of law, and therefore, the district court erred when it granted appellees' motion for summary judgment and ordered the removal of the director appellants as directors. The district court's judgment entered in favor of appellees on their motion for summary judgment is reversed. The district court's further order directing a shareholders' meeting is vacated. The cause is remanded for further proceedings.

REVERSED AND VACATED, AND CAUSE REMANDED FOR FURTHER PROCEEDINGS.