Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/22/2022 09:06 AM CST

Kayleen Sparks, appellant, v. David Mach,
Special Administrator of the Estate
of Leo Mach, deceased, appellee.

___ N.W.2d ___

Filed November 15, 2022.    No. A-21-1041.

1. **Judgments: Appeal and Error.** When reviewing questions of law, an appellate court resolves the questions independently of the lower court's conclusion.
2. **Summary Judgment: Appeal and Error.** An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law.
3. \_\_\_\_: \_\_\_\_. In reviewing the grant of a motion for summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted, giving that party the benefit of all reasonable inferences deducible from the evidence.
4. **Decedents' Estates: Statutes.** The Nebraska Probate Code provides the procedure for bringing a claim against a decedent's estate.
5. **Decedents' Estates: Claims.** Under Neb. Rev. Stat. § 30-2404 (Reissue 2016), a claim against a decedent's estate cannot be commenced before the county court has appointed a personal representative.
6. **Statutes: Appeal and Error.** Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.
7. **Decedents' Estates: Executors and Administrators: Statutes.** Because a personal representative is not a natural person, but, rather, an entity created by statute through a court order of appointment, when an estate is closed and the personal representative discharged, there is no viable entity or person to sue.

8. **Limitations of Actions.** Under certain situations as set forth in Neb. Rev. Stat. § 25-201.02 (Reissue 2016), an amended complaint may relate back to the commencement date of an earlier complaint.

Appeal from the District Court for Douglas County: Todd O. Engleman, Judge. Affirmed.

William J. Pfeffer, of Pfeffer Law Offices, for appellant.

Kyle Wallor, of Lamson, Dugan & Murray, L.L.P., for appellee.

Moore, Riedmann, and Welch, Judges.

Moore, Judge.

## INTRODUCTION

Kayleen Sparks filed this negligence action against David Mach, as special administrator of the estate of the decedent, Leo Mach (Mach). At the time of Sparks' original complaint, Mach's estate was closed and David had been discharged as special administrator. Sparks' motion to reopen the estate and reappoint David was granted, and she subsequently filed an amended complaint, which she sought to relate back to her original pleadings. The district court found Sparks' complaint to be a legal nullity and granted David's motion for summary judgment. We affirm.

## STATEMENT OF FACTS

Sparks and Mach were involved in a motor vehicle accident in Douglas County, Nebraska, on March 3, 2017. Mach died on September 6, apparently of causes unrelated to the accident with Sparks.

Mach's death prompted the opening of his estate. On November 20, 2018, Mach's son, David, was appointed special administrator of the estate. The estate was closed on December 11, 2019, and David was discharged as special administrator.

On February 24, 2021, Sparks filed a complaint against "DAVID MACH, Special Administrator for THE ESTATE OF LEO MACH," which alleged Mach's negligence in the March

3, 2017, accident. Upon learning that the estate had previously closed, Sparks filed a motion on March 4, 2021, in Douglas County Court to reopen the estate and reappoint David as special administrator. The motion was granted the following day. David was served with the original complaint on March 8.

On April 7, 2021, David filed a motion to dismiss, alleging a lack of jurisdiction, insufficiency of process, and a failure by Sparks to state a claim upon which relief could be granted.

Sparks filed an amended complaint on April 21, 2021. The amended complaint added the assertion that although David had been discharged as special administrator in December 2019, Mach's estate had been reopened and David reappointed as special administrator on March 5. The amended complaint was again filed against David as the special administrator of Mach's estate. On April 23, Sparks filed a motion requesting leave to again amend her complaint. David was served with the amended complaint the same day.

A hearing on David's motion to dismiss was held on May 14, 2021. Both parties agreed that David was not the special administrator of Mach's estate at the time Sparks filed her original negligence complaint. However, Sparks argued that because David was reappointed as special administrator of Mach's reopened estate between the filing and service of the original complaint, and because Sparks' amended complaint related back to her original complaint, any alleged defect in the original complaint was cured. David argued that based on Nebraska case law, an estate must first be opened and a personal representative or special administrator appointed in order for there to be an entity to sue. Because David had been discharged as the special administrator from Mach's closed estate at the time Sparks filed her original complaint, David argued that the suit was a legal nullity and could not be related back to the original complaint. The court took the matter under advisement.

In a detailed order entered on May 27, 2021, the district court denied David's motion to dismiss. The court first noted

that, because David had been reappointed as special administrator and was served by certified mail on March 8, the allegations in his motion to dismiss related to jurisdiction and service failed. Turning to David's allegation that Sparks had failed to state a claim upon which relief could be granted, the court observed that Nebraska appellate courts have not previously addressed whether a plaintiff may cure an improperly filed claim against a former special administrator of a closed estate or whether such a filing is a legal nullity and thus incurable. The court distinguished the facts of the present case with those cited by David. Because the court found the case involved a novel question of law, it declined to decide it on a motion to dismiss.

The court also granted Sparks' motion for leave to amend and assumed, without deciding, that Sparks' amended complaint stated a claim for relief.

On June 1, 2021, Sparks filed a second amended complaint. The second amended complaint added a paragraph related to Sparks' age and life expectancy. David was served with the second amended complaint on June 3.

On July 2, 2021, David filed an answer to Sparks' second amended complaint and a motion for summary judgment. In his answer, David noted that he was not reappointed as special administrator, and Mach's estate not reopened, until March 5—2 days after the statute of limitations for negligence had run. On July 15, Sparks filed responses to David's affirmative defenses and motion for summary judgment.

A hearing was held on David's motion for summary judgment on August 3, 2021. A bill of exceptions from this hearing is not included in our record. In an order entered on September 16, the district court granted David's motion for summary judgment and dismissed Spark's complaint with prejudice. Specifically, the court found that Spark's original complaint was an attempt to assert a claim against a closed estate and its discharged representative, and thus was a legal nullity. The court determined that neither the amended

complaint nor the second amended complaint related back to
the original complaint to cure the alleged defects because the
original complaint was a nullity. The court further found that
because Sparks failed to properly commence her claim against
David as the special administrator of Mach's estate, she there-
fore failed to comply with the applicable 4-year statute of
limitations, which ran on March 3.

On September 24, 2021, Sparks filed a motion to reconsider
and vacate. While that motion was pending, Sparks appealed
the district court's grant of summary judgment to this court.
On October 25, we dismissed Sparks' appeal in case No.
A-21-828 for lack of jurisdiction. On December 9, the district
court entered an order denying Sparks' motion to reconsider
and vacate.

Sparks appeals.

## ASSIGNMENTS OF ERROR

Sparks assigns, reordered, that the district court erred in (1)
finding that Sparks' original complaint was a legal nullity, (2)
finding that Sparks' amended complaint did not relate back
to the original complaint, and (3) granting Mach's motion for
summary judgment.

## STANDARD OF REVIEW

[1] When reviewing questions of law, an appellate court
resolves the questions independently of the lower court's con-
clusion. *Kozal v. Snyder*, 312 Neb. 208, 978 N.W.2d 174
(2022).

[2] An appellate court will affirm a lower court's grant of
summary judgment if the pleadings and admitted evidence
show that there is no genuine issue as to any material facts or
as to the ultimate inferences that may be drawn from the facts
and that the moving party is entitled to judgment as a matter
of law. *Id*.

[3] In reviewing the grant of a motion for summary judg-
ment, an appellate court views the evidence in the light
most favorable to the party against whom the judgment was

granted, giving that party the benefit of all reasonable inferences deducible from the evidence. *Id*.

## ANALYSIS

The pertinent facts are undisputed, and we see this appeal as purely a question of law.

*Legal Nullity.*

Sparks alleges that the district court erred in finding her original complaint to be a legal nullity. She asserts that her corrective actions, namely moving to reopen Mach's estate and reappoint David, are specifically addressed in Nebraska case law, but were ignored by the court.

[4-6] The Nebraska Probate Code provides the procedure for bringing a claim against a decedent's estate. *Babbitt v. Hronik*, 261 Neb. 513, 623 N.W.2d 700 (2001). Neb. Rev. Stat. § 30-2404 (Reissue 2016) states in part that "[n]o proceeding to enforce a claim against the estate of a decedent or his successors may be revived or commenced before the appointment of a personal representative." An action is commenced on the date the complaint is filed with the court. Neb. Rev. Stat. § 25-217 (Cum. Supp. 2020). Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *In re Estate of Severson*, 310 Neb. 982, 970 N.W.2d 94 (2022).

[7] Nebraska appellate courts have long held that a personal representative is not a natural person, but, rather, an entity created by statute through a court order of appointment. See *Pilger v. State*, 120 Neb. 584, 585, 234 N.W. 403, 404 (1931) ("[e]xecutors and administrators in Nebraska are creatures of statute"). Thus, when an estate is closed and the personal representative discharged, there is no viable entity or person to sue. See, *Correa v. Estate of Hascall*, 288 Neb. 662, 850 N.W.2d 770 (2014); *Estate of Hansen v. Bergmeier*, 20 Neb. App. 458, 825 N.W.2d 224 (2013). We turn to the

Nebraska appellate cases which discuss suits initiated against closed estates.

Neb. Rev. Stat. § 30-2457 (Reissue 2016) permits a special administrator to be appointed after notice when a personal representative cannot or should not act and also permits the appointment of a special administrator without notice when an emergency exists. A special administrator appointed by order of the court in any formal proceeding has the power of a personal representative except as limited in the appointment and duties as prescribed in the order. Neb. Rev. Stat. § 30-2460 (Reissue 2016). In 2018, the county court appointed David as special administrator of Mach's estate for the purpose of executing "any and all documents" and assisting creditors in their claims against Mach's estate "with the power of a Personal Representative." Thus, we find that the case law describing the personal representative's role in managing a claim against a decedent's estate to be applicable to David's role as special administrator.

*Babbitt v. Hronik*, 261 Neb. 515, 623 N.W.2d 700 (2001), involved a suit by Barbara A. Babbitt against Blanche M. Hronik for damages caused by a motor vehicle accident. The action was filed after Hronik was deceased, her estate had been closed, and her personal representative discharged. At Babbitt's request, the personal representative was reappointed for the sole purpose of being served with process. The personal representative was then served with the suit, which named Hronik personally. The personal representative moved for summary judgment. The district court granted summary judgment and determined that the cause of action had not been properly commenced, because Babbitt had failed to file a petition against the personal representative.

On appeal, Babbitt argued that she was unaware Hronik was deceased until after she had filed her petition and the summons was returned unserved. Once she received this information, however, she complied with the correct statutory procedures for bringing a claim against a decedent. The Nebraska

Supreme Court found that Babbitt's claim against Hronik's estate could not have commenced before the county court reappointed the personal representative. *Id*. Further, because Babbitt's suit was directed against Hronik individually, rather than against the personal representative acting in her representative capacity, the action was a nullity. See *id*.

In *Estate of Hansen v. Bergmeier*, 20 Neb. App. 458, 825 N.W.2d 224 (2013), a claimant filed a negligence action related to a motor vehicle accident against a discharged personal representative of a closed estate. In his answer to the complaint, the former personal representative alleged that the claimant had failed to state a claim upon which relief could be granted and filed a motion for summary judgment. The district court granted summary judgment, finding that an action could not be initiated against a former personal representative while the estate remained closed.

This court affirmed the district court's grant of summary judgment. We reasoned that

> a personal representative is not a natural person, but, rather, an entity created by statute through a court order of appointment. . . . Thus, it naturally follows that when the estate is closed and the personal representative is discharged, there is no viable entity or person to sue, because the tort-feasor is deceased, his or her estate is closed, and there is no longer a personal representative.

*Id*. at 466, 825 N.W.2d at 231. We further found that the attempt to assert a claim against a closed estate and its discharged representative constituted a legal nullity. *Estate of Hansen v. Bergmeier, supra*.

*Correa v. Estate of Hascall*, 288 Neb. 662, 850 N.W.2d 770 (2014), involved a negligence action arising out of a motor vehicle accident, filed against the estate and the estate's personal representative. Prior to Gloria Correa's filing her action, E. Dean Hascall's estate had been closed and the personal representative discharged. Several months into the suit, the estate and its former personal representative moved for

summary judgment and Correa filed a motion for an emergency order to reopen the estate, which was granted by the probate court. The district court granted the estate's motion for summary judgment.

The Supreme Court, citing our reasoning in *Estate of Hansen v. Bergmeier, supra*, affirmed the district court's grant of summary judgment and found that Correa had failed to properly commence her suit against the estate or the personal representative, because the estate had been closed and the personal representative had been discharged. *Correa v. Estate of Hascall, supra*. Although Correa argued on appeal that her motion to reopen the estate related back to her original negligence action, the Supreme Court noted that Correa's suit had been dismissed by operation of law because the newly appointed personal representative was not served within 6 months after the suit's filing. *Id*.

Sparks points to *Mach v. Schmer*, 4 Neb. App. 819, 550 N.W.2d 385 (1996), in which a claimant filed an action against a former personal representative for injuries sustained in a motor vehicle accident. In that case, this court held that the former personal representative was entitled to summary judgment because she had been discharged and the estate remained closed. See *Mach v. Schmer, supra*. Sparks argues that the present case is distinguishable, because the claimant had not at any time moved to reopen the estate and have the personal representative reappointed. *Id*. We disagree that such distinction changes the outcome here.

We find that the plain and ordinary meaning of § 30-2404 prohibits the commencement of a claim against an estate prior to the appointment of a special administrator. In this case, Sparks' original complaint failed to comply with § 30-2404, because it was filed against David as special administrator of Mach's estate on February 24, 2021. On that date, David had been discharged as special administrator and was not reappointed until March 5. Although Sparks argues that she "quickly rectified the fact that the estate had been closed,"

brief for appellant at 17, the fact remains that there was no estate open or special administrator appointed at the time the complaint was filed. Nor are we persuaded by the fact that David was served with the original complaint after he was reappointed as special administrator. The controlling fact remains that Sparks filed her original complaint, and thus commenced a proceeding to enforce a claim against Mach's estate, before the estate was reopened and David was reappointed. Sparks' actions to rectify the situation occurred after the statute of limitations had run.

Sparks' attempt to assert a claim against a closed estate and its discharged special administrator was a nullity. See *Estate of Hansen v. Bergmeier*, 20 Neb. App. 458, 825 N.W.2d 224 (2013). This assignment of error fails.

*Relation-Back Doctrine.*

Next, Sparks asserts that the district court erred in finding that the relation-back doctrine did not apply. She argues that her amended pleadings comply with the relevant statutory language because she did not change the name of the party against whom her original claim was asserted, nor the substance of the claim. Further, the claim asserted in all of Sparks' pleadings was related to the same motor vehicle accident in March 2017. Sparks contends that because she obtained an order reappointing David special administrator before filing her amended complaint, the relation-back doctrine applies and allows her original complaint to reach Mach's estate.

[9] Sparks is generally correct that her pleadings comply with the relation-back doctrine found in Neb. Rev. Stat. § 25-201.02(1) (Reissue 2016). Under certain situations as set forth in § 25-201.02, an amended complaint may relate back to the commencement date of an earlier complaint. *Correa v. Estate of Hascall*, 288 Neb. 662, 850 N.W.2d 770 (2014). However, the Nebraska Supreme Court has held that an amended complaint does not relate back to the original complaint under § 25-201.02 when the original complaint was

a nullity. See, *Kelly v. Saint Francis Med. Ctr.*, 295 Neb. 650, 889 N.W.2d 613 (2017); *Reid v. Evans*, 273 Neb. 714, 733 N.W.2d 186 (2007).

In *Reid v. Evans, supra*, Monica Reid filed a negligence action related to a motor vehicle accident against Donald Evans, who had died prior to the filing. A copy of the complaint naming Evans as the sole defendant was served on the personal representative of Evans' estate. The personal representative filed a motion to dismiss, and Reid sought to amend her complaint to add the personal representative under the relation-back doctrine. The county court determined that because Reid's complaint naming Evans as the sole defendant had not been served on the only-named party defendant within the 6-month service of process period, Reid's action stood dismissed by operation of law. The county court also denied relief to Reid on her motion to amend. On appeal, the Supreme Court agreed that Reid's complaint was properly dismissed by operation of law and that once the case stood dismissed, Reid's subsequent motion to amend and relate back was a nullity. As recognized in a concurrence, there must be an action pending at the time in order for § 25-201.02 to allow relation back. *Reis v. Evans, supra* (Miller-Lerman, J., concurring).

*Kelly v. Saint Francis Med. Ctr., supra*, involved a pro se wrongful death action against a medical center, among other defendants. Ann Kelly later filed, through counsel, a motion for leave to file an amended complaint. The district court concluded that an amended complaint could not relate back to the date of the original filing and dismissed the action as untimely.

On appeal, the Supreme Court found Kelly's complaint to be a legal nullity because Kelly was a nonattorney at the time she filed her original complaint. *Id*. Relying on *Reid v. Evans, supra*, the Supreme Court observed that the relation-back doctrine was inapplicable when the original complaint is a nullity. The court concluded that "a nonexistent complaint

. . . cannot be corrected." *Kelly v. Saint Francis Med. Ctr.*, 295 Neb. at 666, 889 N.W.2d at 624.

Based upon the foregoing authority, we conclude that § 25-201.02 does not allow for relation back to cure the defect which rendered the original complaint in this action a legal nullity. See *Kelly v. Saint Francis Med. Ctr., supra*. Because Mach's estate was closed and the special administrator discharged, there was no action pending at the time of Sparks' original complaint and nothing for the amended complaint to relate back to. This assignment of error fails.

*Summary Judgment.*

Finally, Sparks asserts that the district court erred in granting David's motion for summary judgment.

We determined above that Sparks' original complaint was a nullity and that the relation-back doctrine did not apply to Sparks' amended complaint. Thus, there is no genuine issue as to any material facts and David is entitled to judgment as a matter of law. See *Kozal v. Snyder*, 312 Neb. 208, 978 N.W.2d 174 (2022).

## CONCLUSION

Because the estate was not reopened and David was not reappointed as special administrator prior to Sparks' filing her original complaint, the complaint was a legal nullity. The relation-back doctrine did not apply, and Sparks' amended complaint did not cure defects which rendered the original complaint a nullity. Thus, no genuine issue of material fact existed and David's motion for summary judgment was properly granted by the district court.

AFFIRMED.